· LEE THOMPSON v. THE STATE.

*No. 1067.   Decided June 3rd, 1896.*

**Assault With Intent to Murder by Prisoners Attempting to Escape From. Jail.**

Where two prisoners confined in jail, in an attempt to make their escape, assaulted the jailer, and one of them, with a razor, was endeavoring to cut his throat; and, during the struggle the jailer's pistol dropped upon the floor, whereupon defendant seized and presented it at the jailer and commanded him to go into the cell, which he did; and they then locked him in and fled. Held: They were both guilty of an assault with intent to murder in regard to the intent and circumstances connected with the mode and manner in which each of the weapons were used against. the jailer.

APPEAL from the District Court of Navarro.   Tried below before Hon. RUFUS HARDY.

Appeal from a conviction for assault with intent to murder; penalty, two years' imprisonment in the penitentiary.

This is a companion case to the case of Ras Hardy v. State, 36 Tex. Crim. Rep., 400, and is the case referred to in the opinion in that case.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an assault with intent to murder, and given two years in the penitentiary, and from the judgment of the lower court he prosecutes this appeal. There is no bill of exceptions in the record. It appears, from the evidence in the case, that appellant was a prisoner confined in the jail of Navarro County, and the sheriff had taken him out for a bath, and in the meantime left one Ras Hardy in the cell, who occupied the same cell with the appellant. McAfee, the jailer, went in with the appellant, and opened the cell to let him in, when Ras Hardy rushed out of the cell, and made an assault on him with a razor, and cut him four or five times about the neck. Said McAfee struggled with him, and his pistol fell out of his scabbard, and appellant grabbed it, and presented the pistol at said McAfee, and they compelled him to go into the cell. The parties acted together in the assault. They made no attempt to injure the jailer after he went into the cell, but locked him in. There could be no question that the appellant and his codefendant, Hardy, in making the assault on the jailer, intended to make their escape. They did not intend to kill him if they could make their escape without taking his life, but they did intend to kill him if they had to do so in order to make their escape. They had no lawful right to resist the jailer, or to use force upon him in order to make their escape; and if, at any time during the struggle, they entertained the intent to kill him in order to effect that escape, and they used means calculated to accomplish that purpose, then appellant is guilty of an assault with intent to murder. Undoubtedly, when Ras Hardy, the codefendant of the appellant, was cutting and slashing the jailer about the neck with the razor, he had the intent and purpose to take his life, in order to overpower him and effect his escape. Appellant was a party to this assault, and participated in this purpose, and was as much guilty of an assault with intent to murder as the said Ras Hardy. Moreover, there can be no question of the intent to kill the said McAfee, when he drew the pistol on him and commanded him to go into the cell, if the said McAfee had refused to do so. The defendant had no right to make this demand of the said McAfee, and, if he had refused to comply, and had shot him and killed him, he would have been guilty of murder; and, as he intended to kill, or make him comply with the unlawful command, he was guilty of an assault with intent to murder. The court's charge presented this issue in the case. There is no error in the record, and the judgment is affirmed.

*Affirmed.*

Hurt, Presiding Judge, absent.