## RAS HARDY v. THE STATE.

### *No. 1411. Decided October 28th, 1896.*

1. **Assault With Intent to Murder—"Deadly Weapon"—Proof as to.**

   Whether or not a weapon is a deadly weapon, can be proved by its size and character and the manner in which it was used.

2. **Same—"Deadly Weapon"—What is—Charge.**

   A deadly weapon is an instrument reasonably calculated and likely to produce death or serious bodily injury from the manner in which it was used, and a charge is correct which so instructs the jury.

3. **Special Instructions.**

   When the charge of the court fully covers the issues in the case, it is not error to refuse special instructions upon said issues or any one of them.

APPEAL from the District Court of Navarro. Tried below before Hon. RUFUS HARDY.

Appeal from a conviction for assault with intent to murder; penalty, two years in the penitentiary.

One Lee Thompson, charged with theft, and this appellant, Ras Hardy, charged with murder, were prisoners in the jail of Navarro County, and occupied the same cell. The jailor, McAfee, had taken defendant out for a bath. When he brought him back and opened the cell to let him in, this appellant drew a razor and told him to open the cell and not to holler, and made an assault upon McAfee with the razor and cut him four or five times about the neck. McAfee struggled with him, and in the struggle his pistol fell out of the scabbard, when Thompson rushed out of the cell, grabbed it and presented it at McAfee. The parties jointly compelled that officer to go into the cell where they locked him in and escaped from the jail, but were captured shortly afterwards.

As to the specific intend to kill, the court instructed the jury: "As to the intent to kill, you are instructed, that, though you must find that there was a specific intent to kill on the part of the defendant, still, if you believe, beyond a reasonable doubt, that defendant's intention was only in the alternative, that is, if defendant was a prisoner lawfully confined in the jail, and if defendant intended to force his release or to kill said H. P. McAfee, and if that specific intent was formed in defendant's mind, and the murder was only prevented by the happening of the alternative, that is, the release of the defendant, then the requirement as to the specific intent to kill is met. But if defendant had no intent to kill McAfee, even though he could not otherwise effect an escape, then he could not be guilty of an assault with intent to murder; and, if you have any reasonable doubt as to whether the intent to kill, as above explained, may not have been wanting, you will acquit defendant as to the charge of assault with intent to murder."

[No brief for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and given two years in the penitentiary, and prosecutes this appeal. This is a companion case to the case of Thompson v. State, decided at the last Austin term. See, 36 S. W. Rep., 265. Defendant's first bill of exceptions is as to the answer of Dr. Miller to the effect that an ordinary razor, such as used for shaving, in the hands of a man of defendant's size and strength, is a deadly weapon. The objection was that this testimony substituted the opinion of another for that of the jury. Whether or not a weapon is a deadly weapon can be proved by its size and character, and the manner in which it was used. The judge's explanation, however, to appellant's bill of exceptions, shows that this question was not answered, and the matter was not before the jury. The charge of the court as to what constituted a deadly weapon, in connection with the charge on assault with intent to murder, is as follows: "If the defendant, with a deadly weapon or instrument calculated and likely to produce death or serious bodily injury from the manner in which it was used, and with malice aforethought, did assault * *, then he would be guilty of an assault with intent to murder." The objection here made is that the charge as to a deadly weapon was in the alternative, and made an instrument reasonably calculated and likely to produce death or serious bodily injury from the manner in which it was used a deadly weapon. Such we understand to be a proper definition of a deadly weapon. It is also complained that the court failed and refused to give the charge asked by defendant on aggravated assault. The court gave a charge on aggravated assault, covering all of the issues raised by the evidence in the case, and presenting every ground upon which the charge asked was predicated, and it was not necessary for the court to give said requested charge. The court gave in charge to the jury the principle announced in the companion case of Thompson v. State, supra, presenting the law of the case when a prisoner confined in jail makes an assault upon the jailer with intent to kill him, if necessary, in order to effect his escape; and the question whether or not the assault alleged in this case was of that character, or whether it was made with less intent, and constituted merely an aggravated assault and battery, was properly presented to the jury in the charge of the court. The jury found the defendant guilty of an assault with intent to murder, and the evidence amply sustains their verdict. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.