## J. G. HARRIS v. THE STATE.

### No. 2946.　Decided January 21, 1914.

**1.—Aggravated Assault—Charge of Court—Requested Charges.**

If the court's charge was too indefinite, yet where the requested charges
were submitted on these issues, there was no error.

**2.—Same—Assault to Murder—Charge of Court.**

Where defendant was convicted of an aggravated assault, objections to the
court's charge on assault to murder need not be considered on appeal.

**3.—Same—Deadly Weapon—Charge of Court.**

Where the court charged that a deadly weapon is one which from the man-
ner used is calculated or likely to produce death, or serious bodily injury, the
same was sufficient.

**4.—Same—Argument of Counsel.**

Where the objection to the argument of State's counsel is simply a ground
in the motion for new trial and is not verified by bill of exceptions, the same
can not be considered on appeal.

**5.—Same—Bill of Exceptions—Misconduct of Jury.**

Where the ground of objection in the motion for new trial that the jury
discussed matters prejudicial to the defendant is not verified by the record, the
same can not be considered on appeal.

**6.—Same—Evidence—Bill of Exceptions.**

On the absence of a bill of exceptions, the introduction and rejection of
testimony can not be considered on appeal.

Appeal from the District Court of Grayson. Tried below before the Hon. John C. Wall.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of aggravated assault under an indictment charging him with assault to murder, his punishment being assessed at a fine of $50 and thirty days imprisonment in the county jail.

He excepted to the charge of the court, first, because it was too general in submitting the issue of self-defense, and it did not submit to the jury the specific facts upon which defendant relied for his right of self-defense. Second, to that portion of the charge where the court submits the issue of assault to murder. Third, for the reason that the charge nowhere gives to the jury the definition of what is a deadly weapon. With reference to the first exception, if, as a matter of fact, the court's charge was too indefinite, this was covered by the special charges requested by appellant and given by the court. In those charges the court submits specifically the facts upon which defendant relied. In regard to the second proposition, where the court submits the issue of assault to murder, it may be stated that the jury acquitted him of that offense. As to the third, that is, that the court did not give the jury the definition of what it takes to constitute a deadly weapon, we find this is the court's charge, which we think is sufficient: "A deadly weapon is one which from the manner used is calculated or likely to produce death or serious bodily injury." Section 83 of Branch's Crim. Law, collates the authorities with reference to this question. The authorities support the statement in Mr. Branch's work, which is as follows: "Charge is correct which states that a deadly weapon is one which from the manner used is calculated or likely to produce death or serious bodily injury."

The motion for new trial sets out several grounds; the first complains that the county attorney used improper argument which was highly prejudicial to appellant. This is in no way verified; it is simply stated as a ground of the motion. There was no bill of exceptions taken. The second ground of the motion says the jury, after retiring to consider of their verdict, discussed matters and things highly prejudicial to the appellant. There is nothing to verify this ground of the motion. The third ground alleges the court erred in admitting the testimony of I. J. Moore, a character witness for the prosecution. There was no bill of exceptions reserved to this ruling. The fourth ground states that the court erred in not permitting defendant's witness, A. C. Worsham, a police officer in the city of Denison, to testify about having seen the prosecuting

witness Nichols on certain occasions in the "red light" district of Denison, etc. This is not verified by bill of exceptions. The fifth ground states the court erred in not sustaining defendant's objection to the testimony of M. Golden relative to having seen the defendant's witness Minnear in a questionable part of the city of Denison at a late hour of the night. There was no bill of exceptions reserved to this matter.

The grounds of the motion are not stated fully, but this is not deemed necessary, inasmuch as none of them are verified so that they can be considered. These are all the matters presented by the record. None of them are in such condition that would justify a reversal of the judgment, therefore, it is affirmed.

*Affirmed.*