Vernon T. MIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–202–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1989.

Rehearing Denied Nov. 30, 1989.

Discretionary Review Granted
March 14, 1990.

Stanley C. Kirk, Houston, for appellant.

Cheryl Boyd, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant pled nolo contendere to the offense of murder in the strangling death of Andrea J. Lyles, and the trial court sentenced him to sixty (60) years confinement in the Texas Department of Corrections. Further, the trial court entered an affirmative finding that appellant used and exhibited a deadly weapon, "to wit: an unknown object," in the commission of the offense. Appellant raises six points of error, each of them pertaining to the finding of a deadly weapon. We affirm.

In his first point of error, appellant contends the trial court erred in entering an affirmative finding on use of a deadly weapon by rendering a general verdict without specifying under which "count" it

found appellant guilty. "Count" is more appropriately termed a "paragraph" under TEX.CODE CRIM.PROC.ANN. art. 21.24 (Vernon 1989). Appellant relies on *Ex Parte Moore*, 727 S.W.2d 578 (Tex.Crim.App. 1987), in which the jury returned a general verdict on two "counts," only one of which mentioned use of a deadly weapon, and the Court of Criminal Appeals held that the judge had no authority to enter an affirmative finding because the finder of fact did not make an "express determination" on use of a deadly weapon. An affirmative finding "... must be made by the jury when the jury is the trier of fact." *Barecky v. State*, 639 S.W.2d 943, 944 (Tex. Crim.App.1982). Here, however, the trial judge was the fact finder at both the guilt-innocence stage and the punishment stage of the trial. When the trial judge is the trier of fact as to punishment issues, he has authority to make an affirmative finding. *Fann v. State*, 702 S.W.2d 602, 605 (Tex.Crim.App.1985) (on reh'g).

■ Appellant also contends that he was not given sufficient pre-trial notice of the state's intention to seek an affirmative finding of a deadly weapon. We address this separately from appellant's first point of error because the concept of notice "is totally divorced from the 'affirmative finding of a deadly weapon'" concept. *Ex parte Beck*, 769 S.W.2d 525, 527 (Tex.Crim. App.1989). The Court of Criminal Appeals has stated that a defendant has a fundamental, constitutional liberty interest in when his or her eligibility for parole begins in connection with an affirmative deadly weapon finding. TEX.CODE CRIM.PROC.ANN. arts. 42.12 § 3g(a)(2), 42.18 § 8(b) (Vernon Supp.1989). *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987); *Smith v. State*, 774 S.W.2d 280 (Tex.App.—Houston [14th Dist.], 1989, no pet.). Under this latter article, an affirmative finding of a deadly weapon delays a defendant's eligibility for parole until he has served one-fourth of his maximum sentence or fifteen (15) calendar years, whichever is less, without regard to good conduct. *Smith*, 774 S.W.2d at 283 & n. 1. Because of the fundamental nature of one's liberty inter-

est in parole, a defendant is entitled to notice if the state intends to seek a deadly weapon finding at trial, and the state's failure to give such notice constitutes reversible error. *Patterson*, 740 S.W.2d at 776–77. Here, however, the indictment specifically alleged that appellant "used and exhibited a deadly weapon" to strangle the complainant and "did cause the death of the complainant" by strangling her. This gave appellant sufficient notice that use of a deadly weapon would be a fact question in his prosecution. *Ex parte Beck*, 769 S.W.2d at 527.

■ Appellant's third and fourth points of error challenge the finding of "an unknown object" as a deadly weapon and whether the evidence was sufficient to support an affirmative finding that a deadly weapon was used. We find no case that has specifically dealt with the issue of an absent, unidentified deadly weapon; however, we see nothing in the reasoning of prior deadly weapon cases that would preclude a deadly weapon finding simply because the weapon is not specifically known. A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE § 1.07(a)(11)(B) (Vernon 1974). "A weapon or instrument is deadly if by its use or intended use it is capable of inflicting death or serious bodily injury." *Parrish v. State*, 647 S.W.2d 8, 11 (Tex.App.—Houston [14th Dist.] 1982, no pet.) However, instruments that are not known as deadly weapons per se become so only upon evidence on the manner in which they are used. *Turner v. State*, 664 S.W.2d 86, 90 (Tex.Crim.App.1983). In *Turner*, the Court of Criminal Appeals reformed the deadly weapon finding because the court could not conclude that the evidence supported the finding. There was no medical evidence as to the cause of death. No autopsy report was introduced. And there was no evidence as to what injuries were inflicted by which objects. *Id.* In *Parris v. State*, 757 S.W.2d 842 (Tex.App. —Dallas, 1988, pet. ref'd), the court heard "very conflicting" evidence as to which object(s) present were used to cause the victim's death by multiple blunt force injuries

to the head and neck causing hemorrhaging in the brain. The Dallas Court of Appeals reversed and acquitted the defendant, finding insufficient evidence as to whether the victim's death resulted from being hit by a named object—a wooden curtain rod or a hose rack—or whether the victim might have died as a result of hitting his head on the sidewalk, which was held to be "not a deadly weapon under the facts of this case." *Id.* at 846–47.

■ The testimony presented here differs substantially from the lack of evidence in *Turner* and the conflicting hypotheses posed in *Parris*. Dr. Vladimir Parungao, the assistant Harris County medical examiner who conducted the complainant's autopsy, testified that Lyle died as a result of asphyxia due to strangulation. He noted that Lyle suffered hemorrhage around the soft issue of her neck, near the hyoid bone and the superior cornua, and hemorrhage along the conjunctivae of her eye. Whatever object was used, Parungao stated, whether it was an arm, a hand, a shoe or something else, it "put a pressure on the neck that caused the hemorrhage that asphyxiated this body." In other words, the "object," in the manner of its use by the appellant, caused the complainant's death. The fact that it was not specifically named did not make it any less a deadly weapon, and the judge, as fact finder, was entitled to consider the evidence and make such an affirmative finding.

■ The standard of review regarding sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (on reh'g). We find that Dr. Parungao's testimony as to the manner in which a weapon or instrument, albeit an unknown object, was used is sufficient to support the trial court's finding of a deadly weapon. Wounds inflicted upon the injured party are a factor to be considered in determining the character of the weapon. *Turner,* 664 S.W.2d at 83; *Parrish,* 647 S.W.2d at 11.

As previously noted, when the trial judge is the fact finder at the punishment stage of the proceedings, and he has heard evidence on the issue of punishment, "he has the authority to make an affirmative finding as to the use or exhibition of a deadly weapon...." *Fann,* 702 S.W.2d at 604. Under Article 42.12, § 3g(a)(2), *supra,* he shall enter the finding in the judgment of the court. Here, the judgment on appellant's plea of nolo contendere shows that the trial court made the following finding on use of a deadly weapon: "To [-] wit an unknown object." Additionally, the judgment reflects that "the Court further found that a deadly weapon, to wit, a[n] unknown object was used during the commission of this offense." The court's docket sheet also recites that finding. Thus, appellant's final points of error are denied.

We affirm the judgment of the trial court.