Gamble v. State 






NO. 10-90-165-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          GRACIE MAE GAMBLE,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

From 77th Judicial District Court
Limestone County, Texas
Trial Court # 7197-A

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Gracie Mae Gamble was convicted by a jury of voluntary manslaughter for killing Gwen
Henderson by stabbing him in the throat with a knife. See Tex. Penal Code Ann. § 19.04
(Vernon 1989). The court assessed punishment at five years in prison. By two points of error,
Appellant claims that the court erred in refusing to grant a new trial because of jury misconduct
and in making a finding that she used a deadly weapon. We will reform and affirm the judgment.
          Appellant's contention in her first point stems from the failure of two jurors, during voir 
dire, to give information which would have resulted in her striking them. Appellant apparently
found out after the trial that during deliberations the two jurors made statements to the other jurors
which she claims they should have disclosed on voir dire.
          During voir dire, the venire panel was asked if there was anyone among them who could
not, in a proper case, consider giving five years probation for murder. The record reflects that
no juror responded to this question. However, during the hearing on Appellant's motion for a new
trial, three jurors testified that they remembered hearing James Evans, the presiding juror, state
that he could not consider probation in any case in which a human life was taken. Evans testified
that he could not remember making the statement. Appellant's trial attorney testified during the
hearing that had he realized that Evans could not grant probation, he would have challenged him
for cause, and if that challenge had not been granted, he would have used a peremptory strike on
him. 
          Also during voir dire, juror Charlotte Oates stated that her father had been killed by her
mother but that the experience would not affect her in this case. Oates admitted during the hearing
on Appellant's motion for a new trial that she made statements during deliberations concerning
the fact that her mother had killed her father to "help" the jurors with the definition of
manslaughter. Appellant's trial attorney testified that, had he been aware of Oates's "attitude" as
a result of the killing of a family member, he would have challenged her for cause, and if that
challenge had not been granted, he would have used a peremptory strike on her. 
          Rule 30(b)(8) of the Rules of Appellate Procedure provides that a new trial shall be granted
an accused "[w]here the court finds the jury has engaged in such misconduct that the accused has
not received a fair and impartial trial." See Tex. R. App. P. 30(b)(8). In showing juror
misconduct, the burden is on the complaining party to prove that the misconduct occurred and that
it probably resulted in injury to him. Kittrell v. State, 382 S.W.2d 273, 276 (Tex. App.—Dallas
1964, writ ref'd n.r.e.). Issues of fact as to jury misconduct raised at a hearing on a motion for
a new trial are for the trial court's determination, and its decision will not be reversed unless an
abuse of discretion is shown. Herrera v. State, 665 S.W.2d 497, 500 (Tex. App.--Amarillo 1983,
pet. ref'd). Although Appellant has cited us to Herrera, which states that "an abuse of discretion
occurs when a biased or prejudiced juror is selected without fault or lack of diligence on the part
of defense counsel," we do not believe that this relieves her of having to show that she received
an unfair trial. See Tex. R. App. P. 30(b)(8). 
          Had the jury assessed punishment, Evans's failure to state on voir dire that he could not
give probation in any case in which a human life was taken would be crucial. However, Appellant
elected to have the court assess punishment. Because the jury had no part in determining whether
Appellant should receive probation, Evans's undisclosed feeling about this should have had no
bearing on the jury's verdict, much less resulted in an unfair trial; therefore, the court's failure
to find any misconduct of the jury based upon Evans's actions was not an abuse of its discretion. 
See id.; Herrera, 665 S.W.2d at 500-02. 
          Appellant was aware before he exercised his strikes that Oates had lost her father at the
hands of her mother. At the hearing on the motion for a new trial, Oates explained that she only
used her experience in helping the other jurors to understand the definition of manslaughter and
that it did not affect her decision in the case. The other jurors who testified supported Oates's
testimony. Although Oates's discussion with the other jurors of her past experience was
inappropriate, we do not see how the discussion alone shows that she might have been biased or
prejudiced about the case and, more importantly, how it resulted in an unfair trial. See id. Thus,
the court did not abuse its discretion in failing to find jury misconduct based upon Oates's conduct. 
We overrule point one. 
          Point two asserts that, because the State made no request for an affirmative finding that
Appellant used a deadly weapon, the court committed fundamental error in including such a
finding in the judgment. The indictment did not use the term "deadly weapon," no issue was
presented to the jury during the guilt-innocence phase of the trial, no evidence on the issue was
presented to the judge during the punishment phase, and no separate finding was made by the
court. The issue appeared for the first time when the "affirmative finding" was included in the
judgment. Appellant has a fundamental interest in parole and was entitled to notice that the State
intended to seek a deadly weapon finding at trial. See Mixon v. State, 781 S.W.2d 345, 346 (Tex.
App.—Houston [14th Dist.] 1989), opinion adopted, 804 S.W.2d 107 (Tex. Crim. App. 1991). 
Because the court was not authorized to include the finding in the judgment, we will reform the
judgment to delete it. See Ex parte Patterson, 740 S.W.2d 766, 778 (Tex. Crim. App. 1987);
Tex. R. App. P. 80(b)(2).
          Accordingly, the judgment of the trial court will be reformed to delete the recitation
"[a]ffirmative finding that defendant used a deadly weapon in the commission of the offense, to-wit, a knife." 
          As reformed, the judgment is affirmed.
 
                                                                                  BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Reformed and affirmed
Opinion delivered and filed August 1, 1991
Do not publish