NUMBER 13-06-512-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSEPH ARTURO YBARRA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 138th District Court 

of Cameron County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Benavides and Vela


Memorandum Opinion by Justice Vela



 The trial court found appellant, Joseph Arturo Ybarra, guilty of two counts of
aggravated assault and sentenced him to seven years in prison. Appellant's counsel
has filed an Anders brief, in which he stated that after reviewing the record, he
perceived four issues which commonly offer relief. The brief notes the legal and
factual sufficiency of the evidence, and of ineffective assistance of counsel. We
concur with these findings. However, on the issue of judgment not conforming with
the evidence, we modify. We modify and affirm. 

I.


Facts


 On November 11, 2005, appellant and his wife, Maria Sosa, left their San
Benito home for Santa Maria, where appellant and a fellow musician, Fructoso
Villarreal, were scheduled to play at a musical event. On the way, they stopped at
Villarreal's house, where appellant began drinking beer. After the musical event, they
returned to Villarreal's, where appellant resumed drinking beer. Afterwards, they went
to the home of Ruben Vela where appellant continued drinking. After leaving Vela's,
they went to a ballroom where appellant drank yet another beer. 

 Sosa testified that appellant was "drunk" and fell asleep on the way home. 
Unable to wake him, she left him in the car and went in the house. At some point, he
came in the house and went in the bathroom. He came out, gave her a "real glazed
stare," and blamed her for his ex-wife not coming to San Benito. When Sosa asked
why he blamed her, he slapped her face, grabbed her by the hair, and threw her to the
couch. He said he was going to give her "something to think about" and left the
house. 

 The day before, they had a cookout and a kitchen knife had been left outside
on a picnic table. Sosa began putting on a T-shirt, and while it was over her face, she
was stabbed with the kitchen knife. When she uncovered her face, she saw appellant
walking away with his mouth open. She believed appellant had stabbed her and said
they were the only people in the house. She had surgery to repair the knife wound. 
On cross-examination, Sosa admitted she did not see appellant approach or stab her,
and she did not see the knife in his hand.

 Deputy Martinez testified that upon entering the Ybarra home, he saw a knife
protruding from Sosa's left stomach area. He testified she told him "[H]er husband
had stabbed her because he was upset over, I think, an ex-girlfriend that was not
coming down from, I believe, from Arkansas." According to Martinez, appellant said
he did not know what had happened.

 Appellant presented witnesses who testified that during the evening of the
stabbing, appellant and Sosa were not arguing or fighting with each other. Appellant's
ex-wife, Anita Cantu, spoke to Sosa after the stabbing. She testified Sosa told her,
"I think he [appellant] stabbed me." Cantu believed Sosa stabbed herself.

 Appellant's testimony showed that after he and Sosa returned home, he
prepared a plate of brisket. He said that the "knife was embedded inside the brisket. 
She walked into it. I know she did." 

 He said that his ex-wife did call him to say she was not coming to San Benito. 
This made him upset. He said that the knife, which Sosa identified as the one used
to stab her, was not on the picnic table. He denied slapping her, grabbing her hair, or
throwing her to the sofa. He also denied stabbing her. When the State's attorney
asked him how the knife got into Sosa's stomach, he replied, "She walked into it, or
the knife flew into it. One of the two. Take your pick."

II.


Sufficiency of the Evidence


 By issues one and two, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction. When reviewing the factual sufficiency of the
evidence, we view all the evidence in a neutral light, favoring neither party. Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State, 175
S.W.3d 795, 799 (Tex. Crim. App. 2005). We will set the verdict aside only if: (1)
the evidence supporting the conviction, although legally sufficient, is nevertheless so
weak that the fact-finder's determination is clearly wrong and manifestly unjust; or (2)
the verdict is against the great weight and preponderance of the evidence. Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). We cannot conclude a conviction is "clearly wrong" or "manifestly unjust"
simply because we would have voted to acquit. Watson, 204 S.W.3d at 417. In
other words, we may not simply substitute our judgment for the fact-finder's
judgment. Johnson, 23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997). To reverse for factual sufficiency, we must determine, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the verdict. Watson, 204 S.W.3d at 417. In examining a factual
sufficiency challenge, we defer to the fact-finder's determination of the credibility of
the evidence. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

 In reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to determine
whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hampton
v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319. The trier of fact is the sole judge of the weight and
credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979);
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact-finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the judgment. Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000). A person commits aggravated assault if the person commits assault as defined
in section 22.01 of the Texas Penal Code, and the person uses or exhibits a deadly
weapon during the commission of the assault. Tex. Pen. Code Ann. § 22.02(a)(2)
(Vernon Supp. 2006). Intent can be inferred from the acts, words, and conduct of the
defendant. Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); Lee v.
State, 964 S.W.2d 3, 8 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd).

 A knife is not per se a deadly weapon. Moreno v. State, 755 S.W.2d 866, 868-69 (Tex. Crim. App. 1988). However, a deadly weapon is "anything that in the
manner of its use or intended use is capable of causing death or serious bodily injury." 
Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2006). The provision's plain
language does not require that the actor actually intend death or serious bodily injury;
an object is a deadly weapon if the actor intends a use of the object in which it would
be capable of causing death or serious bodily injury. Bailey v. State, 38 S.W.3d 157,
159 (Tex. Crim. App. 2001). The words spoken by the accused, along with the
presence and severity of wounds on the injured party, are factors to be considered in
determining whether an object was used as a deadly weapon. Bethel v. State, 842
S.W.2d 804, 807 (Tex. App.-Houston [1st Dist.] 1992, no pet.); Mixon v. State, 781
S.W.2d 345, 347 (Tex. App.-Houston [14th Dist.] 1989), aff'd, 804 S.W.2d 107,
108 (Tex. Crim. App. 1991) (per curiam). 

 In this case, Sosa did not see appellant stab her. Nevertheless, circumstantial
evidence, by itself, may be enough to support a conviction. Kutzner v. State, 994
S.W.2d 180, 184 (Tex. Crim. App. 1999); see Smith v. State, 965 S.W.2d 509, 515
(Tex. Crim. App. 1998). It is not necessary that every fact point directly and
independently to the defendant's guilt; it is enough if the conclusion is warranted by
the combined and cumulative force of all the incriminating circumstances. Barnes v.
State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1994). In this case, a rational jury could have determined
the following from the evidence: (1) appellant was upset because his ex-wife was not
coming to San Benito; (2) he blamed Sosa for his ex-wife's decision not to come to
San Benito; (3) after assaulting Sosa, appellant said he was going to give her
"something to think about" and left the house; (4) a knife was on a picnic table outside
the house; (5) Sosa was stabbed with a knife; (6) although Sosa did not see appellant
stab her, immediately after she was stabbed, she saw him walking away; (7) she and
appellant were the only people in the house at the time of the stabbing; (8) the knife
entered her stomach area with enough force to become embedded in her body; and (9)
she required surgery to repair the stab wound. 

 Appellant provided controverting evidence showing that: (1) on the evening of
the stabbing, he and Sosa were not fighting or arguing with each other; (2) prior to the
stabbing, he had prepared a plate of brisket with a knife embedded in the meat; (3)
Sosa stabbed herself by walking into the knife; (4) Sosa did not see who had stabbed
her; (5) Sosa did not see the knife in appellant's hand; (6) Sosa told appellant's ex-wife
she thought appellant stabbed her; and (7) appellant's ex-wife, after speaking with
Sosa, believed Sosa had stabbed herself.

 Based on a neutral review of all the evidence, we conclude that the evidence is
not so obviously weak or so greatly outweighed by contrary proof that it would not
support the finding of guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at
414-17. Viewing the evidence in the light most favorable to the verdict, we also
conclude that a rational fact finder could have found the essential elements of the
offense beyond a reasonable doubt. See Jackson, 443 U.S. at 319. Issues one and
two are overruled.

III.


Ineffective Assistance of Counsel


 By issue three, appellant's counsel raises ineffective assistance of trial counsel. 
To show his trial counsel was ineffective, appellant must show by a preponderance of
the evidence that counsel's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for counsel's
deficiency, the result of the trial would have been different. Strickland v. Washington,
466 U.S. 668 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005). Review of counsel's representation is highly deferential, and the reviewing
court indulges a strong presumption that counsel's conduct fell within a wide range
of reasonable representation. Salinas, 163 S.W.3d at 740. A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim. Id. "'In the majority of cases, the record on direct appeal is
undeveloped and cannot adequately reflect the motive behind trial counsel's actions.'"
Id. (quoting Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)). To
overcome the presumption of reasonable professional assistance, "'any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.'" Salinas, 163 S.W.3d at 740 (quoting
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

 Appellate counsel states there is no evidence that trial counsel was ineffective. 
A review of the record shows that the trial court held a hearing at which it found
appellant voluntarily waived his right to a jury trial. The record further shows trial
counsel filed pre-trial motions, conducted extensive cross-examination of the State's
witnesses, called several defense witnesses, lodged numerous trial objections, and
was prepared to try the case. We hold that there is no record demonstrating that
counsel's representation fell below the standard of prevailing professional norms. 
Issue three is overruled.

IV.


Other Grounds for Reversal



 The fourth issue is whether the judgment and sentence should be reversed and
remanded for entry of an acquittal or new trial for any other reason reflected in the
record. Upon receipt of an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988). 

 After reviewing all of the proceedings, we note the judgment showed that
appellant was convicted of "Aggravated Assault Two Counts." However, the evidence
showed that appellant only stabbed the victim one time on one occasion. Therefore,
we modify (1) the judgment to reflect that appellant was convicted of only one count of
aggravated assault. Issue four is sustained.

V.

 Counsel certified that he has served appellant with a copy of his brief, which
requests this Court to allow appellant reasonable time to file a pro se brief. More than
thirty days have passed, and appellant has not filed a pro se brief. We conclude
counsel's brief meets the requirements of Anders v. California, 386 U.S. 738 (1967). 
In compliance with Anders, counsel presented a professional evaluation of the record
and referred this Court to what, in his opinion, are all issues which might arguably
support an appeal. See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684,
684 (Tex. Crim. App. 1974); see also High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. 1978). 

 An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991) (en banc) (noting that Anders brief should be filed with respect for withdrawal
from case.) We grant counsel's motion to withdraw. We order counsel to advise
appellant promptly of the disposition of the case and the availability of discretionary
review. See Ex parte Wilson, 956, S.W.2d 25, 27 (Tex. Crim. App. 1997) (per
curiam).

 We modify the judgment and, as modified, we affirm. 

 

 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 17th day of May, 2007.
1. The rules of appellate procedure provide that an appellate court may modify the trial court's
judgment and affirm it as modified. Tex. R. App. P. 43.2(b). When an appellate court has the necessary
data and evidence before it for modification, the judgment and sentence may be modified on appeal. 
Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); see Barecky v. State, 639 S.W.2d 943,
945 (Tex. Crim. App. 1982) (holding that when appellate court has the same information for modifying
the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the
judgment will be modified on appeal); Jordan v. State, 552 S.W.2d 478, 479 (Tex. Crim. App. 1977)
(same).