NUMBER 13-06-81-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE ANGEL FAJARDO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 107th District Court 

of Cameron County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela


 

 A jury convicted appellant, Jose Angel Fajardo, of manslaughter after
prosecution upon a murder indictment. The jury assessed punishment at twenty years'
confinement, plus a $10,000 fine. Upon submission of a special issue, the jury
returned a finding that appellant used a deadly weapon in commission of the offense. 
The trial court entered the finding in the judgment. Appellant raises six issues for our
consideration. (1) We affirm.

I. Pronouncement of Sentence


 By issue one, appellant argues the trial court erred because prior to pronouncing
his sentence, the court did not ask whether he had voluntarily absconded. After
appellant testified at the guilt stage of his trial, the defense rested. The court took a
short recess, and afterwards, defense counsel told the court that appellant was not
present. The following Monday, the trial court called the case, and defense counsel
told the court that appellant was not present. The court announced outside the jury's
presence: "[L]et the record reflect that the defendant voluntarily left the building
Friday after the last break and has not returned on his own recognizance. . . ." The
case proceeded to its completion, without appellant being present.

 About seven years later, the trial court held the hearing to pronounce sentence
in appellant's case. The appellate record does not reflect whether appellant
surrendered to the authorities or whether they apprehended him. Nevertheless, the
trial judge advised appellant of the jury's punishment and asked, "Is there any legal
reason why this sentence should not be imposed?" Defense counsel replied, "No,
Your Honor."

 To preserve a complaint for appellate review, the record must show that a
complaint was made to the trial court by a timely request, objection, or motion that
stated the grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint, unless the
grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A); Dixon v.
State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). Here, appellant did not object that
the trial court did not inquire whether appellant had voluntarily absconded or absented
himself from trial. Further, the grounds for the complaint were not apparent from the
context. Accordingly, the issue is not preserved for appellate review. Issue one is
overruled.

II. Jury Argument


 By issue two, appellant argues the trial court erred by not instructing the jury
during the guilt stage that they could make no inferences of guilt based upon
appellant's absence from his trial. After appellant absconded, but before the State
delivered its closing argument at the guilt stage, defense counsel made an oral motion
in limine "to refrain the prosecutors from alluding or mentioning or referring to that my
client is not present. . . . I'm asking the Court to refrain them from mentioning or
alluding from any witness on closing or punishment at all, Your Honor." The trial court
denied the motion. Appellant calls our attention to the following excerpts from the
State's closing argument at the guilt stage:

 The only way you can find anything other than murder is if you
disbelieve every other witness, disbelieve the physical evidence, throw
out your common sense, and believe the defendant and only the
defendant. And you now know what his word is worth. You know what
the defendant's word is worth. . . .


* * * * *



 Now Jose [appellant] comes and you know he's trying to avoid
responsibility. You saw his demeanor on the stand. You saw the way
he acted. Everything about him said, I want to avoid responsibility. The
last question [asked by the State's attorney to appellant]: You don't want
to take responsibility for anything, do you? He didn't want to take
responsibility for anything. And where is he today? He does not want
to take responsibility.


* * * * *



 And you got another little insight of his [appellant's] character this
morning. Look at that chair, folks. If that's not insight into his
character, I don't know what is. That tells you what his character is. 
We're talking about the good natured, easygoing guy versus that empty
chair.


Appellant did not object to these remarks. He claims the first and second quotations
constituted an inference of guilt based upon his absence.

 In Gonzales v. State, 685 S.W.2d 47 (Tex. Crim. App. 1985), the court stated 

 [T]his Court has declared many times that the granting of a motion in
limine will not preserve error. For error to be preserved with regard to
the subject matter of the motion in limine it is absolutely necessary that
an objection be made at the time when the subject is raised during the
trial.

 

Id. at 50 (citations omitted). Thus, even if the trial court had granted appellant's oral
motion in limine, appellant, in order to preserve error, would have had to object at the
time when the subject matter of the motion was raised. See id. Here, appellant did
not object to the complained-of closing argument.

 To preserve a complaint for appellate review, the record must show that a
complaint was made to the trial court by a timely request, objection, or motion that
stated the grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint, unless the
grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). Furthermore,
a defendant's failure to object to a jury argument forfeits his or her right to complain
about the argument on appeal. Id.; Threadgill v. State, 146 S.W.3d 654, 667 (Tex.
Crim. App. 2004); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996);
Moreno v. State, 195 S.W.3d 321, 328-29 (Tex. App.-Houston [14th Dist.] 2006,
pet. ref'd). Because appellant did not make an objection to the complained-of
argument, he has not preserved his complaint. (2) We therefore overrule issue two.

III. Admission of Prior Conviction


 By issue three, appellant argues the trial court erred when it admitted in
evidence an alleged prior juvenile conviction as a conviction for possession of a
switchblade, when the judgment did not reflect the underlying violation. During the
penalty stage, the prosecutor, in the jury's presence, offered in evidence a certified
copy of a judgment from the 197th Judicial District Court of Cameron County. 
Defense counsel objected that the State "has not proven the linkage between the
judgment and whether it's one and the same person, . . . . I believe that's a juvenile
adjudication of a misdemeanor." After the trial court overruled the objection and
admitted the judgment in evidence, the prosecutor stated:

 For the record, this a [sic] juvenile adjudication for carrying on about [sic]
his person a prohibited weapon, to wit: a switch blade. For the record,
the last page has a picture of Jose Angel Fajardo.


 The jury can look at the picture and decide whether it's the same one or
not.


Appellant did not object to this statement.

 To preserve a complaint for appellate review, the record must show that a
complaint was made to the trial court by a timely request, objection, or motion that
stated the grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the complaint, unless the
grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). In addition,
"the point of error on appeal must comport with the objection made at trial." Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Dixon, 2 S.W.3d at 265.

 In this case, appellant's objection did not include any complaint that the
judgment of conviction did not reflect the underlying violation. Thus, the legal basis
for his objection does not comport to the point of error on appeal. Therefore, the issue
is not preserved for review. See Wilson, 71 S.W.3d at 349; Dixon, 2 S.W.3d at 265. 
Accordingly, issue three is overruled.

IV. Notice of Intent to


Seek a Deadly Weapon Finding



 By issue four, appellant contends he did not receive sufficient notice of the State's
intention to seek a deadly weapon finding because the indictment did not allege the knife
as a deadly weapon. A defendant is entitled to notice that the State will seek an affirmative
finding that a deadly weapon was used or exhibited during the commission of the charged
offense. Brooks v. State, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993); Sanders v. State,
963 S.W.2d 184, 187-88 (Tex. App.-Corpus Christi 1998, pet. ref'd). While it is not
necessary that the indictment contain this notice, notice must be in writing and reasonably
calculated to inform the defendant that the use of a "deadly weapon will be a fact issue at
the time of the prosecution." Sanders, 963 S.W.2d at 188 (quoting Ex parte Beck, 769
S.W.2d 525, 526 (Tex. Crim. App. 1989)). "[A]n allegation of serious bodily injury or death
caused by some act or instrument is sufficient notice for a deadly weapon finding." 
Sanders, 963 S.W.2d at 188; See, e.g., Ex parte McKithon, 838 S.W.2d 560, 561 (Tex.
Crim. App. 1992) (recognizing motor vehicle can be deadly weapon in involuntary
manslaughter case for purposes of providing notice in indictment); Speering v. State, 797
S.W.2d 36, 37 (Tex. Crim. App. 1990) (indicating that death caused by "stabbing with a
knife" provided notice); Gilbert v. State, 769 S.W.2d 535, 536-37 (Tex. Crim. App. 1989)
(stating allegation accused caused serious bodily injury to child by placing him in hot liquid
provided sufficient notice State would seek affirmative finding of use of deadly weapon);
Ex parte Beck, 769 S.W.2d at 526 (stating any allegation which avers a death was caused
by a named weapon or instrument necessarily includes an allegation that the named
weapon or instrument was, "in the manner of its use . . . capable of causing" death is notice
State seeks affirmative finding); Pena v. State, 864 S.W.2d 147, 150 (Tex. App.-Waco
1993, no pet.) (holding allegation that defendant caused death by cutting victim's throat
with "sharp object" sufficient to give notice of State's intent to seek deadly weapon finding);
Mixon v. State, 781 S.W.2d 345, 346 (Tex. App.-Houston [14th Dist.] 1989), aff'd, 804
S.W.2d 107 (Tex. Crim. App. 1991) (indicating that indictment alleging unknown object
used to strangle victim provided sufficient notice to defendant that State would seek deadly
weapon finding).

 Cases following Ex parte Beck have held that an indictment alleging "serious bodily
injury" is sufficient notice of the State's intent to seek a deadly weapon finding, if the
indictment also alleged the serious bodily injury was caused by some act or instrument. 
Sanders, 963 S.W.2d at 189; See Ex parte Brown, 773 S.W.2d 332, 333 (Tex. Crim. App.
1989) (holding that indictment alleging defendant committed attempted murder by
"stabbing with a knife" was proper notice of intent to seek deadly weapon finding); Gilbert,
769 S.W.2d at 536-37 (holding serious bodily injury caused by "placing victim in hot liquid"
was proper notice); Mitchell v. State, 821 S.W.2d 420, 424 (Tex. App.-Austin 1991, pet.
ref'd) (holding that indictment alleging serious bodily injury caused by motor vehicle
"colliding with a fixed object" provided sufficient notice of State's intent to seek deadly
weapon finding).

 Here, the indictment's first paragraph stated, in relevant part, that appellant
"intentionally or knowingly cause the death of an individual, namely, . . . [the victim], by
stabbing . . . [the victim] with a knife." The second paragraph alleged, in relevant part, that
appellant "with intent to cause serious bodily injury to an individual, namely, . . . [the victim],
commit an act clearly dangerous to human life; to-wit: stabbing . . . [the victim] with a knife,
that caused the death of said . . . [victim], . . . ." This language shows the indictment
alleged (1) serious bodily injury and death, and (2) the serious bodily injury and death were
caused by some act (stabbing) or instrument (a knife). Any allegation that avers a death
was caused by a named weapon or instrument necessarily includes an allegation that the
named weapon or instrument was, in the manner of its use, capable of causing death. See
Ex parte Beck, 769 S.W.2d at 526; Rachuig v. State, 972 S.W.2d 170, 177 (Tex.
App.-Waco 1998, pet. ref'd).

 We hold the indictment provided appellant sufficient notice that the State would
attempt to offer proof that a deadly weapon was used during the commission of the alleged
offense and that the State intended to seek a deadly weapon finding. Accordingly, the
fourth issue is overruled.

V. Transfer from


Juvenile Court to Criminal Court



 By issue five, appellant argues error occurred when his case was transferred from
juvenile court to adult criminal court because the district judge who presided over his
juvenile case also presided over his case after it was transferred to adult criminal court. 
The State filed a Petition Alleging Delinquent Conduct asserting that appellant committed
the murder charged in the aforementioned indictment. The petition was filed in the 107th
Judicial District Court of Cameron County. After filing the petition, the State filed a Petition
for Discretionary Transfer to Criminal Court asking the juvenile court to waive jurisdiction
and transfer the case to adult criminal court. Thereafter, appellant filed a Waiver of
Discretionary Transfer Hearing and Consent to Stipulate, in which he agreed to waive the
transfer hearing, and it was signed by Judge Benjamin Euresti, Jr., Presiding Judge of the
107th Judicial District Court. The record shows that Judge Euresti also presided over
appellant's trial in criminal court.

 Appellant argues that Judge Euresti "could not be impartial because he had already
ruled that Appellant needed to be transferred to 'an appropriate' criminal court in order to
protect the community from Appellant." However, the record does not contain a motion to
disqualify Judge Euresti, and appellant does not direct our attention to any objection to
Judge Euresti presiding at his criminal trial. Even assuming appellant had objected or filed
a motion to disqualify, we perceive no error.

 Furthermore, in Guerra v. State, 478 S.W.2d 483, 484 (Tex. Crim. App. 1972),
Guerra argued he was denied due process because the same judge who sat as the
juvenile judge transferred his case to criminal court, sat at the examining trial, and presided
over his criminal trial. Id. The court of criminal appeals found that the judge was acting
within his jurisdiction at all stages and that Guerra was not denied due process. Id; see
Dupnik v. State, 654 S.W.2d 780, 786 (Tex. App.-Corpus Christi 1983, pet. ref'd) (no error
occurred when judge who transferred accused's case from juvenile court to criminal court
also presided at accused's examining trial). Accordingly, issue five is overruled.

VI. Jurisdiction to Try the Criminal Case


 By issue six, appellant argues the trial court did not have jurisdiction to try his adult
criminal case because the clerk's record does not show on its face that he was personally
served with a summons and a copy of the petition for discretionary transfer. Section
53.06(a) of the family code states, in relevant part: "The juvenile court shall direct issuance
of a summons to: (1) the child named in the petition; . . . ." Tex. Fam. Code Ann. §
53.06(a)(1) (Vernon 2002). Section 53.06(b) states, in relevant part: "A copy of the
petition must accompany the summons." Id. at § 53.06(b). Section 53.07(a) provides, in
relevant part: "If a person to be served with a summons is in this state and can be found,
the summons shall be served upon him personally. . . ." Id. at § 53.07(a). Finally, section
54.02(b) provides, in relevant part, that "[t]he petition and notice requirements of Sections
. . . 53.06, and 53.07 of this code must be satisfied, . . . ." Id. at § 54.02(b).

 On November 10, 1997, the State filed a Petition for Discretionary Transfer to
Criminal Court ("petition") alleging, in part, that appellant lived at 3517 W. Cora, Harlingen,
Texas. The second supplemental clerk's record contains a copy of the summons, which
includes a copy of the petition. The officer's return on the summons shows that on
December 9, 1997, the summons and petition were personally served on appellant,
notifying him of a juvenile court hearing "for the purpose of considering discretionary
transfer to the Criminal Court." Because the clerk's record shows that the summons and
petition were properly issued and personally served upon appellant in compliance with the
family code, we hold that the trial court had jurisdiction to try his adult criminal case. See
Tex. Fam. Code Ann. §§ 53.06(a)(1), 53.06(b), 53.07(a), 54.02(b) (Vernon 2002). 
Accordingly, we overrule issue six.




 The trial court's judgment is affirmed.

 



 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 2nd day of August, 2007.

1. Because this is a memorandum opinion, and the parties are familiar with the facts, we will not
recite them except as necessary to explain this Court's decision and the basic reasons for it. See Tex.
R. App. P. 47.4.
2. Even if appellant had preserved this complaint, he absconded after he testified at the guilt stage. 
A defendant's flight from prosecution is a circumstance from which an inference of guilt may be drawn. 
See McWherter v. State, 607 S.W.2d 531, 535 (Tex. Crim. App. 1980); Bogert v. State, 681 S.W.2d
822, 824 (Tex. App.-Houston [14th Dist.] 1984, pet. ref'd).