Richard Arthur **GILBERT**, aka Jean Gilbert, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 0075–87.

Court of Criminal Appeals of Texas, En Banc.

March 22, 1989.

S. Michael McColloch and David W. Coody, Dallas, for appellant.

John Vance, Dist. Atty. and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of injury to a child. V.T.C.A. Penal Code § 22.04. The jury assessed punishment at life imprisonment in the Texas Department of Corrections and a $10,000 fine. The Dallas Court of Appeals affirmed appellant's conviction in an unpublished opinion. *Gilbert v. State*, No. 05–85–01380–CR (Tex. App. Dallas delivered December 11, 1986). We initially granted three grounds in appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding Art. 37.07 § 4(a), V.A.C.C.P., the parole instruction law, is constitutional. On appellant's motion for rehearing, we granted a fourth ground to determine whether the Court of Appeals erred in holding that appellant was not denied notice that a special issue concerning appellant's use of a deadly weapon would be submitted to the jury. Art. 42.12 § 3g(a), V.A.C.C.P.

Appellant argues that Art. 37.07 § 4(a), supra, violates the separation of powers doctrine of Art. II, § 1 of the Texas Constitution.[1] In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987) (Opinion on Rehearing), we held, *inter alia*, that this statute violated the separation of powers doctrine. We also held that, if an instruction was given under Art. 37.07 § 4(a), supra, a harmless error analysis must be conducted pursuant to Tex.R.App.Pro. 81(b)(2) to de-

---

1. Because of our disposition of this ground, we need not address appellant's further contentions that Art. 37.07 § 4(a), supra, is unconstitutionally vague, contradictory, and incomprehensible.

termine whether a reversal of the trial court judgment is necessary. Thus, we agree with appellant that the Court of Appeals erred in holding Art. 37.07 § 4(a), supra, does not violate the separation of powers doctrine. In accordance with *Rose*, supra, we will remand this cause to the Court of Appeals for a harm analysis under Tex.R.App.Pro. 81(b)(2).

■ In his fourth ground for review, appellant argues the Court of Appeals erred in approving the submission of a special issue to the jury regarding appellant's use of a deadly weapon. Appellant contended in the Court of Appeals that since no allegation of a deadly weapon was included in the indictment he was denied notice that use of a deadly weapon would be an issue in his case. The Court of Appeals held that the indictment need not contain a deadly weapon allegation and overruled appellant's contention without addressing whether appellant had proper notice that use of a deadly weapon would be an issue at trial. For reasons to be stated, we hold appellant had such notice and the trial court properly submitted the special issue to the jury.

The indictment in this cause alleged in part:

> [appellant did] then and there knowingly and intentionally engage in conduct that caused serious bodily injury to ARTHUR CLARK BAKER, a child 14 years of age or younger, hereinafter called complainant, by placing the said complainant into hot liquid ...

In the charge to the jury at the guilt/innocence phase of trial, the trial judge submitted the following special issue:

> Do you find and believe beyond a reasonable doubt that the defendant used or exhibited a deadly weapon in the commission of the offense, if any?
>
> In this connection, you are instructed that a deadly weapon is defined as a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or

intended use is capable of causing death or *serious bodily injury*. (emphasis supplied)

The record reflects appellant's counsel objected to the submission of the special issue at the time it was read to the jury. The trial court overruled the objection. The jury answered the special issue in the affirmative, and the trial judge entered the affirmative finding in the judgment.

Our recent decision in *Ex parte Beck*, 769 S.W.2d 525 (Tex.Cr.App.1989), controls the disposition of this case. In *Beck*, the applicant contended she was not given notice that use of a deadly weapon in commission of the offense would be a fact issue in her murder trial. The indictment in *Beck* alleged that the defendant caused the death of the victim by shooting him with a gun. Utilizing the definition of deadly weapon as set out in V.T.C.A. Penal Code § 1.07(a)(11)(B)[2], we held:

> It is apparent that any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, 'in the manner of its use ... capable of causing' (since it *did* cause) death. [footnote omitted] Thus, applicant had sufficient notice that the weapon alleged is a deadly weapon and that her use of a deadly weapon would be an issue in the State's murder prosecution. (emphasis in original)

Applying the rationale from *Beck*, we hold that appellant had sufficient notice that use of a deadly weapon would be a fact issue at his trial. Under § 1.07(a)(11)(B), a deadly weapon is "anything that in the manner of its use or intended use is capable of causing ... *serious bodily injury.*" As noted earlier, the indictment alleged that appellant "caused serious bodily injury" to complainant by placing him in hot liquid. This language in the indictment necessarily includes an allegation that the hot liquid in this case, water, was a deadly weapon because "in the

**2.** Section 1.07(a)(11)(B) provides:
"Deadly weapon" means:

> (B) anything that in the manner of its use or intended use is capable of causing death or *serious bodily injury.* (emphasis added).

manner of its use [the water was capable of] caus[ing] serious bodily injury." Thus, appellant had sufficient notice that the nature of the weapon alleged in the indictment would be an issue at trial and that the State may seek an affirmative finding on the use of the weapon. Appellant's fourth ground for review is without merit.

In accordance with our disposition of appellant's first ground for review, we vacate the judgment of the Court of Appeals and remand this cause to that court for further proceedings consistent with this opinion.

CLINTON, CAMPBELL and DUNCAN, JJ., dissent.

TEAGUE, Judge, dissenting.

I respectfully file this dissenting opinion.

I first find that if we remove from the deck debris, that exists in the form of solid, liquid, or gaseous appearing objects, and which might block the reader's view, he will then easily see why *Ex parte Beck*, 769 S.W.2d 525 (Tex.Cr.App.1989), is inapplicable to this cause.

This cause is before this Court pursuant to the petition for discretionary review process, and not the postconviction writ of habeas corpus process, which is the route that the defendant in *Ex parte Beck* took to get to this Court. Without taking into consideration this distinction, the majority opinion holds that "Our recent decision in *Ex parte Beck*, 769 S.W.2d 525, 536 (Tex. Cr.App.1989), controls the disposition of this case." Given the distinction in how the respective parties got to this Court, as well as the fact that the issue in *Beck* is not the same issue as the one that appellant presents to this Court for review in this cause, that should be, but which is not resolved by this Court, *Beck* does not control the disposition of appellant's issue.

The indictment in this cause, in pertinent part, alleges that appellant "did then and there knowingly and intentionally engage in conduct that caused serious bodily injury to ARTHUR CLARK BAKER, a child 14 years of age or younger, hereinafter called complainant, by placing the said complain-

ant into hot liquid." As easily seen, there is no allegation in the indictment that a deadly weapon was used to commit the offense, nor is there even an allegation that a deadly weapon would be an issue in the case. The indictment simply alleges that appellant committed the offense of serious bodily injury to a child, see § 22.04(a)(1) of the Penal Code. It does not, however, allege the offense of murder, see § 19.02 of the Penal Code. However, by what occurred during the guilt stage of appellant's trial, when the trial judge functionally amended the indictment through the use of a special issue, the indictment then effectively alleged the offense of murder. I also point out that at that time there was no provision in our law that authorized the trial judge to submit that kind of special issue to the jury.

The issue that is before us to resolve does not concern the act of the trial judge placing in the trial court's final judgment an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the offense, and the defendant claims he did not receive sufficient notice that this was going to occur. When that issue is raised, it should be controlled by what this Court stated and held in *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Cr.App. (Tex.Cr.App.1987), if *Ex parte Patterson* has not already been expressly overruled by *Ex parte Beck*. The "Patterson" issue, however, is not implicated in this cause.

Appellant correctly argues in his petition for discretionary review that, "Under Art. I, § 10, of the Texas Constitution, it is fundamental that an accused has the right 'to demand the nature and cause of the accusation against him, and to have a copy thereof. TEX.CODE CRIM.PROC.ANN. art. 21.03 provides: 'Everything should be stated in an indictment which is necessary to prove.' " (Page 22 of appellant's petition for discretionary review.) Appellant further asks the following question in his petition for discretionary review: "Where, as in this case, there was no notice given to Appellant by the indictment or otherwise, how is he to prepare a defense against

proof that a deadly weapon was used?" *Id.*

Neither the court of appeals, this Court in *Beck*, nor today's majority opinion address appellant's contention, his posed question, or his argument why he is entitled to relief, that is, because the State failed to give him sufficient notice through the indictment of an element that it intended to prove against him at the guilt stage of the trial, the trial judge erred in submitting to the jury at the guilt stage of the trial the special issue that asked the jury to resolve the non-pled issue.

The majority opinion simply holds: "Our recent decision in *Ex parte Beck*, 769 S.W. 2d 525 (Tex.Cr.App.1989), controls the disposition of this case." Although *Beck* might control the disposition of this cause, simply because at least five judges of this Court vote to say it does, that does not remove the fact that *Beck's* holding is not applicable to this cause.

In *Beck*, through an application for the writ of habeas corpus, postconviction, the defendant claimed that the affirmative finding that she used or exhibited a deadly weapon during the commission of her offense, voluntary manslaughter, that was entered by the trial judge in the trial court's judgment, should be deleted from the judgment because she was never given notice that this was going to occur. For authority, the defendant relied upon this Court's decision of *Ex parte Patterson*. Without taking into consideration the fact that the defendant's claim was brought pursuant to the provisions of Art. 11.07, V.A.C.C.P., or the fact that, although given the opportunity to object to the submission of the special issue that asked the jury to decide whether the defendant used or exhibited a deadly weapon during the commission of the offense of murder or voluntary manslaughter, if it found she committed either offense, the defendant did not complain about the special issue being submitted to the jury, the majority opinion nevertheless ruled that if an indictment alleges that the defendant caused the death of another by using some specified instrumentality, this gave the defendant suffi-

cient notice that, if the jury found the defendant guilty of committing that offense, or some lesser included offense of that offense, the trial judge might later enter in the trial court's judgment an affirmative finding that during the commission of the offense the defendant used or exhibited a deadly weapon.

I unsuccessfully attempted to explain in the dissenting opinion that I filed in *Beck* why the issue that the majority opinion addressed was not a proper and fit subject for this Court to consider under its postconviction writ of habeas corpus jurisdiction.

In any event, as applied to this cause, *Beck's* foundation is not a solid substance, but, instead, is a deep mass of loose sand mixed with water into which heavy objects readily sink, and this causes this Court's holding that *Beck* controls the issue that is before this Court to merely, but unnecessarily, dump more quicksand on the premises, that will undoubtedly cause unthinking human beings to readily sink therein.

Again, the issue in this cause is not an *Ex parte Patterson* issue, but, instead, is whether the court of appeals correctly rejected appellant's complaint that because he was not given any notice in the indictment that a non-statutory element of the offense was going to be placed in issue, through the trial judge's submitting to the jury a special issue at the guilt stage of the trial, he was denied and deprived of both due process and due course of law.

The court of appeals, relying, inter alia, upon this Court's opinion of *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985), of which *Ex parte Patterson* is a protege, which opinion did not concern the kind of notice about which appellant is complaining, simply ruled that because an indictment need not contain a deadly weapon allegation, it was unnecessary for the State to plead that allegation in the indictment.

When the trial judge submitted the special issue to the jury at the guilt stage of appellant's trial, over objection, was his act not the functional equivalent of amending the indictment to include therein a non-statutory element of the offense of causing serious bodily injury to a child?

Art. 28.10(c), V.A.C.C.P., expressly provides: "An indictment or information may not be amended over defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." This Court has held on several occasions, see, for example, *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Cr.App.1975), and *Jackson v. State*, 419 S.W.2d 370 (Tex.Cr.App.1967), that after trial commences the indictment should not be amended as to form or substance. In fact, this Court has held that an amendment as to the substance of the indictment cannot be made even if the parties consent. *Morman v. State*, 75 S.W.2d 886 (1934). The Supreme Court of Texas has even held that if an indictment is amended as to substance it will not even support a conviction. *Calvin v. Texas*, 25 Tex. 789 (1860).

Again, the issue that a majority of this Court chose to review in *Beck* was whether the defendant received sufficient notice that the trial judge might later enter in the trial court's judgment the affirmative finding that the defendant used or exhibited a deadly weapon during the commission of the offense. The issue that needs to be resolved in this cause, however, is whether appellant was entitled to notice through the indictment of what he would be called upon to defend at his trial. The two issues are as different as daylight is to darkness, and any effort to integrate the two causes the quicksand to reach the premises located at 14th and Colorado in Austin, which happens to be the location of this Court's members' home away from home.

I find that if this Court's majority opinion stands, and the State pleads a particular offense in its indictment, then the accused will be put on notice that he must not only defend the offense that is alleged against him, he must also be prepared to defend against any other criminal offense that the prosecutor or the trial judge might believe can be gleaned or inferred from the indictment, with the defective indictment being cured through the submission by the trial judge of a special issue to the jury.

Shouldn't, however, the majority opinion at least reform the trial court's judgment to show that appellant was found guilty, not of committing the offense of serious bodily injury to a child, but because of the answer to the special issue the offense of murder of the child?

Therefore, I respectfully dissent to the majority of this Court writing on an issue that is not properly before this Court, and further dissent to its holding that *Beck* "controls the disposition of this case."