**Lonnie Edward EASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 972–88.**

Court of Criminal Appeals of Texas, En Banc.

April 19, 1989.

Roland Brice Moore, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson & Janice M. Krocker, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of attempted murder and assessed punishment at confinement for 99 years. The court of appeals affirmed the conviction. *Eason v. State,* No. 01–87–00233–CR, 1988 WL 85924 (Tex.App.—Houston [1st] delivered July 28, 1988).

The State contends that the court of appeals erred in deleting the affirmative finding contained in the judgment. The court of appeals deleted the affirmative finding, holding that appellant did not have sufficient notice of the State's intent to seek a deadly weapon finding under *Ex Parte*

*Patterson,* 740 S.W.2d 766 (Tex.Cr.App. 1987).

Appellant was charged and convicted of attempted murder. The indictment alleges, in pertinent part, that appellant "did then and there ... intentionally and knowingly attempt to cause the death of [the complainant] ..." In *Ex Parte Beck,* —— S.W. 2d ——, No. 70,169 (Tex.Cr.App. delivered March 22, 1989), we held that "any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, 'in the manner of its use ... capable of causing' (since it *did* cause) death." (footnote omitted) (emphasis in original). This allegation satisfies the constitutional guarantees dealt with in *Ex Parte Patterson,* supra. Likewise, in the instant case, the allegation that appellant did "attempt to *cause the death*" by use of a named weapon, necessarily includes an allegation that the named weapon or instrument was, in the manner of its intended use, capable of causing death. Such allegation is sufficient to provide notice that the nature of the weapon alleged in the indictment is an issue to litigate in the trial.

We summarily grant the State's petition for discretionary review, reform the judgment of the court of appeals that deletes the affirmative finding, and reinstate the judgment of the trial court containing the affirmative finding.