**Ex parte Robert Sammy BROWN.**

**No. 70700.**

Court of Criminal Appeals of Texas, En Banc.

June 21, 1989.

Martha K. Pontureri, Huntsville, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Cindy Singleton, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is an application for writ of habeas corpus which was submitted to this Court pursuant to the provisions of Article 11.07, V.A.C.C.P.

Applicant was charged with the offense of attempted murder under V.T.C.A., Penal Code, § 15.01(a). Pursuant to a plea bargain agreement, applicant pled guilty to the charge and was sentenced by the court to four (4) years in the Texas Department of Corrections. The trial court also entered an affirmative finding regarding the use of a deadly weapon under Art. 42.12, § 3g(a)(2), V.A.C.C.P. There was no direct appeal.

In his application, applicant contends he was not given sufficient notice of the State's intent to seek a deadly weapon finding under *Ex parte Patterson,* 740 S.W.2d 766 (Tex.Cr.App.1987). We disagree.

In *Ex parte Beck,* 769 S.W.2d 525 (Tex. Cr.App.1989), we held that "any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, 'in the manner of its use ... capable of causing' (since it *did* cause) death." (footnote omitted) (emphasis in original). More recently, in *Eason v. State,* 768 S.W.2d 312 (Tex.Crim. App.1989), we recognized that the *Beck,* supra, holding applies with equal force in an attempted capital murder case. There, the allegation that "appellant did 'attempt to *cause the death'* by use of a named weapon, necessarily includes an allegation that the named weapon or instrument was, in the manner of its intended use, capable of causing death." We held in *Eason,* supra, that such an allegation is sufficient to provide adequate notice that the nature of the weapon alleged in the indictment is an issue to litigate at trial.

In the instant case, the felony information alleges that applicant "did then and there intentionally, with the *specific intent to commit the offense of murder of (complainant), do an act, to wit: stab her with a knife....*" The information, although worded in different fashion than in *Eason,* supra, put applicant on notice that he was charged with the attempted murder of the complainant through his (then) alleged conduct of stabbing her with a knife. Here, the language "specific intent to commit ... murder ... with a knife" necessarily includes an allegation that the weapon named in the information, a knife, was in the manner of its intended use, capable of causing death. *Ex parte Beck,* supra. Such an allegation provided sufficient notice to applicant that the nature of the weapon alleged in the information would be an issue to litigate at trial. *Eason,* supra.

The relief requested is denied.

TEAGUE, Judge, dissenting.

Although I continue to believe that *Ex parte Beck,* 769 S.W.2d 525 (Tex.Cr.App. 1989), was wrongly decided by this Court,

and will vote to expressly overrule it if and when the opportunity presents itself, what concerns me in this cause, given what a majority of this Court has written and held in *Ex parte Banks,* 769 S.W.2d 539 (Tex. Cr.App.1989), and *Ex parte Truong,* 770 S.W.2d 810 (Tex.Cr.App.1989), regarding this Court's jurisdiction to decide issues raised in post-conviction applications for the writ of habeas corpus that are filed pursuant to Art. 11.07, V.A.C.C.P., is how Robert Sammy Brown, henceforth applicant, is able to present the contention that he was not given sufficient notice of the State's intent to seek a deadly weapon pursuant to Art. 11.07 when he has not shown why he could not have raised this issue on direct appeal. Also see *Mathews v. State,* 768 S.W.2d 731 (Tex.Cr.App.1989). Under *Banks* and *Truong,* isn't applicant using the post-conviction writ process to avoid the direct appeal process?

I believe that the majority opinion owes an explanation to the bench and bar of this State why under *Banks* and *Truong,* also see *Mathews,* applicant can raise the issue he presents pursuant to the provisions of Art. 11.07. Because it fails to do so, I respectfully dissent.