**Jimmy Ray COSSMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–90–103 Cr.**

Court of Appeals of Texas,
Beaumont.

June 19, 1991.

Michael S. Ratcliff, Jasper, for appellant.

Charles R. Mitchell, Dist. Atty., San Augustine, for state.

Before WALKER, C.J., and
BROOKSHIRE, and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

The Appellant appeals from his conviction of voluntary manslaughter and his sentence of 20 years in the penitentiary. At trial the evidence included a rifle, bullets, and spent shells seized at the Appellant's residence by a peace officer shortly after the Appellant's wife was shot and removed from the scene by ambulance. We affirm.

 Appellant's first point of error alleges that the trial court erred in overrul-

---

7. Any portion of this opinion between double brackets not to be published.

ing his motion to suppress the evidence seized by the police at the scene of Linda Cossman's death. The phrasing of this point of error limits the scope of our review to the proceedings and testimony at the pre-trial suppression hearing. At the suppression hearing, Newton County Deputy Butch Bryant testified that he arrived at the scene and assisted the paramedics in loading Linda's body into the ambulance. Bryant then observed the Appellant enter his one-room home and Bryant followed. Bryant testified that he knocked before entering and that the Appellant responded, "Come in." Bryant entered and observed a .22 caliber rifle in plain view on the floor of the residence, lying within several feet of the place where the Appellant sat. Bryant then seized the rifle along with some ammunition and spent shells.

Appellant's testimony was that he had wanted to accompany his wife's body in the ambulance, but was told by Bryant that he "had to stay". Appellant testified that he then entered his house and that Deputy Bryant followed without knocking or otherwise seeking or obtaining permission to enter. Appellant's brother, Frank Cossman, testified that the Appellant was told by the ambulance attendants that he could not ride in the ambulance. By all accounts, the Appellant was allowed to leave the premises within the hour.

As the trier of fact below, the trial court was entitled to accept Deputy Bryant's version of the facts over the Appellant's. The trial court's findings that the rifle was discovered in plain view after the Appellant consented to Deputy Bryant's entry is consistent with the testimony of Deputy Bryant. The actual seizure of the weapon was justified under the plain view doctrine, *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); as well as for the safety of the officer, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Point of Error One is overruled.

■ The second point of error alleges that the issue of consent was raised before the jury, and that the trial court erred in "failing to instruct the jury as to the admissibility of the seized evidence" per the requirements of TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1990). This statute sets up a right of a defendant to have the jury pass on the admissibility of evidence where issues of fact concerning the legality of the evidence have been heard by the jury. However, the Court of Criminal Appeals has held that this provision must be invoked by a timely objection to the charge. *Kelly v. State*, 669 S.W.2d 720 (Tex.Crim.App.1984). As there was no objection to the charge in the instant case, Point of Error Two is overruled.

■ Appellant's final point of error avers that the trial court erred in instructing the jury as to the definition of "deadly weapon" and in submitting an issue as to the Appellant's use of a deadly weapon. Once again, no objection was made to the charge. In addition, the companion cases of *Ex parte Beck*, 769 S.W.2d 525 (Tex. Crim.App.1989) and *Gilbert v. State*, 769 S.W.2d 535 (Tex.Crim.App.1989), make it clear that:

> [A]ny allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, "in the manner of its use ... capable of causing" (since it *did* cause) death.

*Ex parte Beck, supra,* at 526.

■ The indictment in the instant case clearly alleges that the Appellant did "cause the death of an individual, LINDA COSSMAN, by shooting her with a gun." Hence, the Appellant was on notice that the use of a deadly weapon would be an issue at trial. *Id.* at 527. Point of Error Three is overruled.

AFFIRMED.