IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-278-CR





JAMES NATHANIEL EVANS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,439, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of attempted murder. Tex. Penal Code Ann.
§§ 15.01 (West Supp. 1993), 19.02 (West 1989). The district court assessed punishment at
imprisonment for twenty years. Appellant's only point of error is that he was not given adequate
notice that the State would seek an affirmative finding that appellant was a party to the use of a
deadly weapon in the commission of the offense. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2) (West Supp. 1993) (providing for affirmative finding if defendant was party to offense
and knew that deadly weapon would be used or exhibited). 

 The indictment alleged that appellant "with the specific intent to commit the offense
of murder did then and there intentionally and knowingly attempt to cause the death of an
individual, T.W. Howard, by shooting the said T.W. Howard with a deadly weapon, to wit: a
firearm." The evidence established that the victim was shot by Sean Williams with the assistance
and encouragement of appellant. The district court instructed the jury on the law of parties and
authorized appellant's conviction based on a finding that he was criminally responsible for
Williams's conduct. Tex. Penal Code Ann. § 7.02 (West 1974). After finding appellant guilty
as a party to the offense, the jury also found, in response to a special issue, that appellant knew
that a firearm would be used or exhibited during the commission of the offense. Two
settled principles govern our disposition of appellant's point of error. First, an allegation that the
defendant attempted to cause the death of another by use of a weapon is sufficient to notify him
that the nature of the weapon will be an issue at trial. Ex parte Brown, 773 S.W.2d 332 (Tex.
Crim. App. 1989); Eason v. State, 768 S.W.2d 312 (Tex. Crim. App. 1989). Second, if the
evidence supports an instruction on the law of parties, the court may give the instruction and
authorize the defendant's conviction as a party even if there is no such allegation in the
indictment. Williams v. State, 676 S.W.2d 399, 401 (Tex. Crim. App. 1984); Pitts v. State, 569
S.W.2d 898, 900 (Tex. Crim. App. 1978). It logically follows that when, as in this cause, the
indictment alleges that the defendant attempted to kill the victim with a firearm, the defendant is
on notice that the State will seek an affirmative finding that he was a party to the use or exhibition
of a deadly weapon.

 Appellant's reliance on Powell v. State, 808 S.W.2d 102 (Tex. App.--El Paso 1990,
no pet.) is misplaced. In that case, it was held that an indictment alleging that the defendant was
a party to an aggravated robbery did not support an affirmative finding that the defendant
personally used or exhibited a deadly weapon. Whatever the merits of this holding under the
statutes then in effect, it clearly does not apply in this cause. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 13, 1993

Do Not Publish