**Jimmy DIAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–120–CR.**

Court of Appeals of Texas, Waco.

June 9, 1999.

Leora Teicher Kahn, Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kelly Ann Smith, Mia Magness, Asst. Dist. Attys., Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice MALONEY.*

**OPINION**

FRANK MALONEY, Justice (Retired).

Appellant was indicted for the offense of aggravated assault. The indictment

---

* Judge (Ret.) Texas Court of Criminal Appeals, on assignment by the Chief Justice of the Supreme Court.

charged that appellant unlawfully, intentionally and knowingly caused serious bodily injury to the complainant (naming him), by striking the complainant with a pool cue. Tex. Pen.Code Ann. § 22.02 (Vernon 1994). Appellant was found guilty by the jury "as charged in the indictment." At the punishment hearing, the court over objection by appellant, submitted a deadly weapon special issue instruction to the jury. The jury found the special issue to be true and assessed a six-year term of incarceration in the Institutional Division of the Texas Department of Criminal Justice, as well as a $10,000 fine. The court entered an affirmative finding in the judgment on the special issue finding by the jury. Motion for new trial was overruled by the trial court, and notice of appeal was timely filed. Appellant proffers three points on appeal:

Points One and Two: Trial court erred in overruling Appellant's objection to the submission of a special issue instruction on the use of a deadly weapon where Appellant did not have notice that the State would seek an affirmative deadly weapon finding in violation of the United States Constitution, Amendments V and XIV.

Point Three: Appellant was denied due course of law in violation of the Tex. Const. art. I, §§ 13 and 19 where he had no notice of the State's intent to seek an affirmative deadly weapon finding.

Appellant contends that we should reform the judgment of the trial court by deleting the trial court's affirmative finding of the use of the deadly weapon.

The gravamen of Appellant's three points is that the court erred by submitting the special issue over Appellant's objection because the indictment did not allege that a pool cue was a "deadly weapon"; nor did he have notice of the State's intent to seek a deadly weapon finding in any other manner.

The evidence showed that the Appellant struck the victim on the head with a pool cue to a point of unconsciousness and that the victim sustained numerous injuries which required hospitalization and several surgeries. The indictment is predicated on Tex. Pen.Code Ann. § 22.02.

The pertinent part of the statute reads as follows:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:

(1) causes serious bodily injury to another, including the person's spouse; or

(2) uses or exhibits a deadly weapon during the commission of the assault.

Tex. Pen.Code Ann. § 22.02(a).

The indictment charged only under (a)(1) of Section 22.02 of the Texas Penal Code "that in Harris County, Texas (Appellant), on or about October 14, 1994, did then and there unlawfully, intentionally and knowingly cause serious bodily injury to Gilbert Lozano Torres, hereinafter called the Complainant by striking the Complainant with a pool cue."

At the punishment phase, the court instructed the jury in part:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment and if you find in the special issue attached that the defendant used or exhibited a deadly weapon, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment and if you find in the special issue attached that the defendant did not used [sic] or exhibit a deadly weapon, he will not become eligible for parole until the actual time served plus

any good conduct time earned equals one-fourth of the sentence imposed....

. . . .

[Y]ou will determine beyond a reasonable doubt, whether or not he used or exhibited a deadly weapon, namely a pool cue. During the commission of the offense or during the immediate flight therefrom.

"Deadly weapon" means anything manifestly designed made or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Appellant timely objected to the submission of the deadly weapon charge.

### THE APPELLANT'S CONTENTION

■ Appellant correctly argues that a person accused of a crime is entitled to notice that the use of a deadly weapon will be a fact issue at the time of prosecution if the State intends to pursue the entry of a deadly weapon finding. Appellant cites *Ex parte Brooks*, 847 S.W.2d 247, 248 (Tex. Crim.App.1993); *Narron v. State*, 835 S.W.2d 642, 643 (Tex.Crim.App.1992); *Grettenberg v. State*, 790 S.W.2d 613, 614 (Tex.Crim.App.1990); *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex.Crim.App.1987), *modified by Ex parte Beck*, 769 S.W.2d 525 (Tex.Crim.App.1989).

All of the above cases support the proposition stated by the appellant in this case that an affirmative finding of use of a deadly weapon does, in fact, implicate the liberty interest of the appellant under both the state and federal Constitutions, as parole itself involves conditional freedom from confinement; that a defendant charged with a felony is entitled to notice that the State will pursue an affirmative finding as to whether a deadly weapon was used or exhibited during the commission of the alleged offense, the statute making the offender who used a deadly weapon ineligible for release until much later than one

who committed the felony but did not use or exhibit a deadly weapon.

In *Beck*, the Court of Criminal Appeals denied relief holding that the indictment gave defendant sufficient notice that the use of a deadly weapon would be a fact issue. In that case, the indictment alleged that the defendant caused the victim's death by shooting him with a gun. *Beck*, 769 S.W.2d at 528 (citing *Patterson, supra;* TEX.CODE CRIM. PROC. ANN., arts. 42.01, 42.12, § 3 g(a)(2) (Vernon Supp.1999)).

In *Brooks*, the Court of Criminal Appeals held that the defendant had actual notice of the State's intent to seek an affirmative finding of the use or exhibition of a deadly weapon by virtue of a separate aggravated sexual assault indictment arising from the same criminal episode, which the State agreed not to prosecute as part of a plea agreement.

The Court went on to state that the defendant, while entitled to notice that the State would seek an affirmative finding that a deadly weapon was used during the commission of the charged crime, is not entitled to have that notice contained in the indictment under which the defendant is ultimately tried, but rather he "is simply entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution." *Brooks*, 847 S.W.2d at 248 (quoting *Beck*, 769 S.W.2d at 526; citing *Luken v. State*, 780 S.W.2d 264, 266 (Tex.Crim.App.1989) (requiring that the notice be in writing)).

In *Grettenberg*, in a single indictment, the defendant was charged in count one with burglary of a habitation and in count two that the defendant, while in the course of committing and attempting to commit burglary of a habitation, attempted to cause death of the victim by intentionally strangling the victim around the neck with an object unknown to the Grand Jury having the intent to commit capital murder of the victim. The second count was abandoned by the State prior to trial. The Court of Criminal Appeals held that the dismissed portion of the indictment satis-

fied the requirement of notice required in *Beck* and that any allegation which avers an attempt to cause the death of a person by the use of a named weapon necessarily includes an allegation that the named weapon or instrument was, in the manner of its use or intended use capable of causing death. *Grettenberg*, 790 S.W.2d at 614 (citing *Ex parte Brown*, 773 S.W.2d 332, 333 (Tex.Crim.App.1989); *Eason v. State*, 768 S.W.2d 312, 313 (Tex.Crim.App.1989)).

In *Narron*, the defendant was charged with the offense of possession of a shotgun, the Court of Criminal Appeals stated that although a defendant is entitled to notice in some form that the State intends to pursue the entry of an affirmative finding, it can be sufficiently provided by the language in an indictment that specifically mentions a particular object or substance and its use with respect to death or serious bodily injury. *Narron*, 835 S.W.2d at 643 (citing *Johnson v. State*, 815 S.W.2d 707, 709 (Tex.Crim.App.1991) (causing death by striking with feet and hands); *Brown*, 773 S.W.2d at 333 (with the specific intent to commit murder stabbed the victim with a knife); *Gilbert v. State*, 769 S.W.2d 535,

536 (Tex.Crim.App.1989) (causing serious bodily injury by placing the complainant into hot liquid)). The Court held in *Narron* that because there was no associated felony facilitated by appellant's possession of the short-barreled firearm, the appellant was entitled to modification of the judgment by deletion of the affirmative finding of use of a deadly weapon. *Id.* at 644.

The appellant here arguing that the notice must be in writing, citing *Brooks, Rogers* and *Luken*, acknowledges that notice is not required as to the nature of the instrument or the weapon charged in the indictment when the instrument is a "deadly weapon per se,"[1] or when the indictment itself alleges death or an attempt to cause death of a person by the use of a named weapon. *See Brown*, 773 S.W.2d at 333; *Eason*, 768 S.W.2d at 313; *see also Grettenberg, supra.*

In the *Brown* case, the Court of Criminal Appeals held that an information alleging that the defendant intentionally "with the specific intent to commit the offense of

---

1. In *Thomas v. State*, the Court of Criminal Appeals explained the term "deadly weapon per se":

    Since adoption of our current Penal Code in 1974, the matter is entirely controlled by legislation. *Mosley v. State*, 545 S.W.2d 144 (Tex.Crim.App.1976) (opinion on original submission). This legislation introduced, among other innovations, a new method of describing deadly weapons. In addition to those objects which became deadly weapons by virtue of their usage, both actual and intended, other objects specifically designed, made, or adapted to cause serious bodily injury were classified as deadly weapons regardless of their usage. TEX. PEN.CODE ANN § 1.07(a)(11).

    Jurors are now instructed in the language of this statute, which currently prescribes the only meanings of "deadly weapon" applicable under the Penal Code, and trial judges are no longer at liberty to omit the statutory definition of "deadly weapon" from their jury instructions under any circumstances where it is a part of "the law applicable to the case[.]" TEX.CODE CRIM. PROC. ANN. art. 36.14. As a result, there

does not presently exist a class of objects comprised of deadly weapons *per se,* certainly not in the sense that a jury finding on the issue is somehow unnecessary. Rather, those objects formerly held to be deadly weapons as a matter of law, notable firearms, are now classified under the statutory definition as deadly weapons by design; but the force of inertia has impelled us to persist in calling them "deadly weapons *per se.*" *See, e.g., Ex parte Franklin*, 757 S.W.2d 778 (Tex.Crim.App.1988).

    Of course, that phrase can no longer accurately signify exactly the same thing it once did. Apparently, what we now sometimes mean by the expression is any object meeting the definition set out in Texas Penal Code, Section 1.07(a)(11)(A). See *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim.App.1985). Thus, today, an object may be a deadly weapon *per se* if it is either "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury[.]" *Lewis v. State*, 628 S.W.2d 276, 278 (Tex.App.— Amarillo 1982).

821 S.W.2d 616, 619–20 (Tex.Crim.App.1991) (footnote omitted).

murder stabbed the victim with a knife" gave defendant sufficient notice of the State's intent to see the deadly weapon finding. Judge W.C. Davis, speaking for the Court stated:

> In *Ex parte Beck,* 769 S.W.2d 525 (Tex.Crim.App.1989), we held that "any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the name weapon or instrument was, 'in the manner of its use ... capable of causing' (since it *did* cause) death." (footnote omitted) (emphasis in original). More recently, in *Eason v. State,* 768 S.W.2d 312 (Tex.Crim.App. 1989), we recognized that the *Beck, supra,* holding applies with equal force in an attempted capital murder case. There the allegation that "appellant did 'attempt to *cause the death*' by use of a named weapon, necessarily includes an allegation that the named weapon or instrument was, in the manner of its intended use, capable of causing death." We held in *Eason, supra,* that such an allegation is sufficient to provide adequate notice that the nature of the weapon alleged in the indictment is an issue to litigate at trial.

> In the instant case, the felony information alleges that applicant "did then and there intentionally with the *specific intent to commit the offense of murder of (complainant), do an act to wit: stab her with a knife....*" The information, although worded in different fashion than in *Eason, supra,* put applicant on notice that he was charged with the attempted murder of the complainant through his (then) alleged conduct of stabbing her with a knife. Here, the language "specific intent to commit ... murder ... with a knife" necessarily includes an allegation that the weapon named in the information, a knife, was in the manner of its intended use, capable of causing death.

*Brown,* 773 S.W.2d at 333 (citing *Beck, supra* ).

Appellant realizes that the indictment in this case does allege that the appellant intentionally and knowingly caused serious bodily injury to the victim by striking the victim with a pool cue; and acknowledges that in *Johnson* the Court of Criminal Appeals held that notice of a deadly weapon can be sufficiently provided by language in the indictment that specifically mentions a particular object or substance and its use with the respect to death or serious bodily injury. However, Appellant argues that the allegation of serious bodily injury alone without death or without an allegation that the pool cue was a deadly weapon amounts only to an implied notice, if at all, of the State's intent to seek an affirmative deadly weapon finding, citing *Mata v. State.* 939 S.W.2d 719, 727 (Tex. App.—Waco 1997, no pet.). Mata was indicted for the offense of murder, but he was convicted of the lesser included offense of voluntary manslaughter. Mata complained that the affirmative finding of a deadly weapon should not have been entered because the State did not provide notice by alleging that a particular instrument was used to cause death. This Court, citing *Brooks, Narron, Grettenberg,* and *Patterson* for the proposition that a defendant is entitled to notice that the State will seek an affirmative finding that a deadly weapon was used during the commission of the charged crime, held that implied notice was not sufficient notice of the State's intent to seek a deadly weapon finding.

> The State maintains that because the indictment alleged Mata killed Rivera by "stabbing" him, Mata was put on notice that the State was going to seek a deadly weapon finding because Mata would necessarily have used some object to stab Rivera. Not only do we find the State's argument unpersuasive, our reading of *Narron* is that the Court of Criminal Appeals intended that for notice to be sufficient, it must "specifically mention[ ] a particular object or substance and its use with respect to death

or serious bodily injury." *Narron*, 835 S.W.2d at 643.

*Mata*, 939 S.W.2d at 727 (footnote omitted).

Consequently, this Court held that because the State failed to specify the particular weapon used to stab Rivera, Mata did not receive sufficient notice. The Court reformed the judgment of the trial court to delete the recitation in the jury's answer to the improper deadly weapon special issue.

However, *Johnson*, is clearly adverse to appellant's contention:

> This Court stated in *Ex parte Beck*, 769 S.W.2d 525, 526 (Tex.Crim.App.1989), that any allegation in an indictment that death was caused by a named weapon or instrument *"necessarily* includes an allegation that the named weapon or instrument was 'in the manner of its use capable of causing' (since it *did* cause) death." *See* TEX. PEN.CODE ANN. § 1.07(a)(11)(B) (deadly weapon means anything that in the manner of its use or intended use is capable of causing death or serious bodily injury). Notice is thus provided that use of a deadly weapon will be an issue in the prosecution. *Beck*, 769 S.W.2d at 526; *Ex parte Brown*, 773 S.W.2d 332, 333 (Tex.Crim. App.1989); *Luken v. State*, 780 S.W.2d 264, 266 (Tex.Crim.App.1989).
>
> The allegation in the indictment charging appellant with "causing death by striking with [his] feet and hands" clearly gave notice that the State would attempt to prove "feet and hands" were used as deadly weapons and, consequently, that the prosecution would seek an affirmative finding as to appellant's use of these deadly weapons. *See Mixon v. State*, 804 S.W.2d 107 (Tex.Crim. App.1991) (death caused by "unknown object" provides notice); *Gilbert v. State*, 769 S.W.2d 535 (Tex.Crim.App. 1989) ("serious bodily injury caused by placing complainant in hot liquid" provides notice); *Speering v. State*, 797 S.W.2d 36 (Tex.Crim.App.1990) ("death caused by strangulation and stabbing"

> provides notice); *Rice v. State*, 771 S.W.2d 599 (Tex.App.—Houston [14th Dist.] 1989, no pet.) ("death caused by gasoline" provides sufficient notice). Accordingly, the Court of Appeals correctly determined the notice provided by the indictment in this case was sufficient and the affirmative finding by the jury was proper.

*Johnson*, 815 S.W.2d at 709.

■ Appellant asserts, however, that *Patterson* and *Beck* control in the instant cause. The indictment here did not allege a deadly weapon per se and did not expressly label a pool cue as a deadly weapon, nor did the State file any other written pleading before trial notifying appellant that it would seek an affirmative deadly weapon finding at trial. Appellant contends, "in no event could it be said under these circumstances that a 'fair and impartial' proceeding occurred," quoting *Patterson*, 740 S.W.2d at 777; and that he was "blindsided as to the existence of the special issue and he could neither anticipate nor present a defense," citing *Whatley v. State*, 946 S.W.2d 73 (Tex.Crim.App.1997). He points out that he clearly objected to the court's submission of the deadly weapon special issue charge and that the submission over his objection rendered his trial fundamentally unfair and violated his rights to due process under the 5th and 14th Amendments to the CONSTITUTION OF THE UNITED STATES and due course of law under Article I, §§ 13 and 19 of the TEXAS CONSTITUTION. He correctly asserts that the entry of the affirmative finding in its judgment did not vitiate his guilt or the length of his sentence, but moves this Court to reform the judgment of the trial court by deleting the affirmative finding of the use of deadly weapon, citing TEX.R.APP. P. 43.2(b).

### *THE STATE'S CONTENTION*

The State insists that the language in the indictment that specifically mentions a particular object or substance and its use

with respect to death or serious bodily injury, satisfies that requirement, citing *Johnson*, 815 S.W.2d at 709 (death caused by striking with feet and hands); *Brown*, 773 S.W.2d at 333 (stabbing with a knife with a specific intent to commit the offense of murder); *Gilbert*, 769 S.W.2d at 536 (serious bodily injury caused by placing complainant in hot liquid); *Rogers v. State*, 908 S.W.2d 239 (Tex.App.—El Paso 1995, no pet.) (serious bodily injury caused by flammable liquid, i.e. gasoline).

In *Gilbert*, 769 S.W.2d at 536, the Court relied upon *Beck* and held that the defendant had sufficient notice regarding the use of a deadly weapon because the indictment alleged that the defendant caused "serious bodily injury" to the complainant by placing him in hot liquid.

The State argues that the indictment in the present case, just as in *Beck* and *Gilbert*, establishes that the State intended to prove that the pool cue was "in the manner of its use or intended use capable of causing death or serious bodily injury." TEX. PEN.CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). The State maintains that although the words, "deadly weapon" are not in the indictment, the allegation that the appellant caused serious bodily injury by striking the victim with a pool cue shows that the appellant's pool cue in the manner in which he used it on the victim was capable of causing serious bodily injury, and that the pool cue was a deadly weapon, citing *Johnson*, 815 S.W.2d at 709. The State maintains that since the defendant had notice that the State would attempt to prove that the pool cue was used in a manner that caused serious bodily injury, the defendant was therefore given notice that the nature of a pool cue alleged in an indictment would be an issue, the litigation of which was inevitable during his trial and therefore, he was given sufficient notice. Accordingly, the State maintains that the trial court did not err by submitting the special issue and making an affirmative deadly weapon finding in its judgment and seeks that the appellant's point be overruled.

### HOLDING

We agree with the State that the indictment in this case presents the defendant with adequate notice that the State would be seeking the submission of an affirmative finding on the deadly weapon issue. The indictment charged the defendant did intentionally and knowingly cause serious bodily injury to the victim by striking the victim with a pool cue. *See Brooks, supra; Gilbert, supra; see also Ex parte Minott*, 972 S.W.2d 760 (Tex.Crim.App.1998) (most recent historical tracing of the cases involving notice).

Appellant's contentions are overruled and the judgment of the trial court is affirmed.