IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1863-04






JOSE JESUS GUZMAN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


WEBB COUNTY





 Keller, P.J., filed a concurring opinion.


 The defendant was charged with attempted murder, and received an instruction on aggravated
assault by causing bodily injury. The question in this case is whether he is entitled to a jury charge
on deadly conduct even though his acts actually caused injury to his victim. The San Antonio Court
of Appeals, agreeing with two other courts of appeals that had spoken on the issue, held that injury
precludes submission of a charge on deadly conduct. (1) As I will explain below, I agree. 

 1. Status as lesser-included


 First, though, I mention an incongruity that the reader may notice is implicated but not
directly addressed in the Court's opinion. The Court finds that an indictment saying that appellant
attempted to cause the death of the victim "by shooting her with a firearm about the head area" does
not require proof that the victim suffered any actual bodily injury. Although the indictment language
is somewhat unclear, I agree with the Court in its assessment.

 However, this impacts what forms of aggravated assault can be viewed as lesser-included
offenses. The only kind of aggravated assault that has "recklessness" as a culpable mental state is
aggravated assault that causes bodily injury. (2) Since the State was not required to show bodily injury
by this indictment, reckless aggravated assault was not in fact a lesser-included offense of the
attempted murder charged here. 

 But appellant did not object to the submission of the aggravated assault charge - a
submission that could have been viewed as beneficial to him at the time - and he has not contended
at the appellate level that there was any error in its submission. Under these circumstances, I agree
with the Court's decision to treat the reckless aggravated assault instruction as if it were properly
included within the charge, and I also agree that whether appellant meets the second prong of the
lesser-included offense test must be determined by reference to that instruction. (3) 

2. Guilty only of the lesser offense


 Under the second prong of the test, some evidence in the record must indicate that, if the
defendant is guilty, he is guilty only of the lesser offense. (4) The State has contended that "if injury
actually occurs . . . the act of shooting towards the victim constitutes more than deadly conduct." (5) 
Citing Hayes v. State (6) and two court of appeals cases, the Court responds, "While deadly conduct
is generally aimed at capturing conduct that falls short of harming another, we cannot say that all
shootings resulting in death or injury are inevitably and necessarily beyond the scope of the offense
of deadly conduct."

 Hayes does indeed support the Court's contention, but the reasoning in that case is
incomplete and the holding conflicts with other caselaw. In Hayes, the defendant was convicted of
aggravated assault by shooting the victim with a gun. (7) He complained about the trial court's refusal
to instruct the jury on the lesser offense of "reckless conduct" (now "deadly conduct"). (8) Noting that
the case involved "remarkably similar facts" to those found in Thomas v. State, (9) this Court held that
the evidence raised the culpable mental state of recklessness.

 In Thomas, the defendant was indicted for murder. (10) He requested an instruction on the lesser
offense of criminally negligent homicide. (11) This Court held that he was not entitled to that
instruction because, at best, the evidence showed he was aware of the risk of death, and so he was
at least reckless, which might have entitled him to a charge of involuntary manslaughter, but not to
a charge of criminally negligent homicide. (12) 

 The Hayes court's reliance upon Thomas overlooks a fundamental difference between the
two cases. The issue in Thomas was not whether the evidence raised the culpable mental state of
recklessness; it was whether the evidence raised the culpable mental state of criminal negligence. 
The Court rejected the defendant's contention because the evidence, at best, raised only the culpable
mental state of recklessness, a higher culpable mental state than criminal negligence. So in that
respect, Thomas is similar to other cases holding that a defendant is not entitled to an instruction on
a particular lesser-included offense when the evidence relied upon indicates that he committed an
offense greater than the one for which an instruction was requested.

 Our recent cases support the State's contention here. In Forest v. State, the defendant was
charged with intentional murder under Texas Penal Code §19.02(b)(1), (13) and he requested an
instruction on the lesser offense of aggravated assault. (14) We held that he was not entitled to an
instruction on aggravated assault because the evidence (even his own testimony) showed that he was
at least guilty of "intent to commit serious bodily injury" murder under §19.02(b)(2). (15) The Forest
decision relied upon this Court's prior decision in Harrell v. State, which held the same thing. (16) 

 In Jackson v. State, the defendant was charged with capital murder, and he requested an
instruction on aggravated assault. (17) He claimed he was entitled to this instruction because there was
some evidence to indicate that he recklessly committed serious bodily injury. (18) We agreed that there
was a factual dispute about whether the defendant acted intentionally or recklessly, but we pointed
out that there was no evidence that the victim suffered a lesser form of bodily injury than "death." (19) 
Consequently, the evidence of a reckless killing indicated that the defendant was at least guilty of
"manslaughter, an offense which lies between murder and aggravated assault." (20) Relying upon
Forest, we said, "A murder defendant is not entitled to an instruction on the lesser included offense
of aggravated assault when the evidence showed him, at the least, to be guilty of a homicide."

 Our opinion in Hayes conflicts with (and did not discuss) our earlier decision in Harrell, and
it also conflicts with our later decisions in Forest and Jackson. Because the defendant in Hayes
actually shot the victim, evidence of recklessness indicated merely the commission of a different
form of aggravated assault, and therefore, there was no evidence that he was guilty only of reckless
conduct. (21) 

 Under Harrell, Forest and Jackson, the rule the State proposes follows logically from the
elements of aggravated assault and misdemeanor deadly conduct. (22) Misdemeanor deadly conduct
is committed if the defendant "recklessly engages in conduct that places another in imminent danger
of serious bodily injury." (23) If, in committing that offense, the defendant inflicts serious bodily injury,
there can be no question that he has at least committed aggravated assault by recklessly inflicting
serious bodily injury. (24) That being so, the evidence cannot support a rational inference that the
defendant is guilty only of deadly conduct. (25) 

 Although less obvious, it is also true that inflicting bodily injury while engaging in an act that
places the victim in danger of serious bodily injury constitutes the offense of aggravated assault by
recklessly inflicting bodily injury and using a deadly weapon. (26) This is so because the definition of
deadly weapon encompasses "anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury." (27) Our cases have made clear that "anything" means
anything. (28) An act that places someone in danger of serious bodily injury (relied upon to establish
deadly conduct) necessarily entails using something that, in its manner of use, is capable of causing
serious bodily injury - and so establishes the use of a deadly weapon. (32)

 The Court also observes that "there is nothing in the statute which expressly or even
implicitly limits prosecution (or conviction) for the offense of deadly conduct to only that conduct
which threatens, but fails, to cause injury to another." I believe that this observation misses the
point. Certainly the State could choose to charge conduct that inflicts injury as deadly conduct rather
than aggravated assault, just as the State could choose to charge conduct that inflicts serious bodily
injury as a simple assault rather than an aggravated assault. (33) The question is not whether the State
could have prosecuted deadly conduct in the first instance but whether a party is entitled to the
submission of deadly conduct as a lesser-included offense in the face of a fact that necessarily raises
an offense greater than deadly conduct. 

 I would hold that, when a defendant is charged with committing an act that causes bodily
injury - e.g., aggravated assault - the second prong of the lesser included offense test is never met
when the evidence that the victim was injured is undisputed. Because that is the case here, I agree
that appellant was not entitled to the instruction. I therefore concur in the Court's judgment. 

 Keller, P.J.

Date filed: March 29, 2006

Publish
1. Guzman v. State, No. 04-03-00548-CP, 2004 Tex. App. LEXIS 8594, *3-4 (Tex. App. -
San Antonio 2004)(not designated for publication), citing Ramirez v. State, 976 S.W.2d 219
(Tex. App. - El Paso 1998, pet. ref'd) and Graham v. State, 950 S.W.2d 724, 731 at n. 2 (Tex.
App. - Beaumont 1997)(opinion withdrawn and appeal permanently abated at 976 S.W.2d 913
(Tex. App. - Beaumont 1998)). 
2. See Tex. Pen. Code §22.02(a)(incorporating elements of assault into aggravated
assault); §22.01(a)(culpable mental state of "recklessly" constitute an element of assault that
causes bodily injury; other theories of assault contain only the "intentionally" and "knowingly"
mental states).
3. Of course, even if submission were viewed as error, appellant was not harmed. By
convicting appellant of attempted murder, the jury rejected the lesser offense of aggravated
assault. Although the indictment may not have required the State to prove it, the evidence
indisputably showed that the victim had suffered (at least) bodily injury. That means the jury's
rejection of aggravated assault necessarily meant that it rejected the claim that appellant acted
with a "reckless" culpable mental state - defeating the rationale for obtaining a conviction on the
lesser offense of deadly conduct.
4. Hayward; Rousseau.
5. See Court's op. at 10 n. 10.
6. 728 S.W.2d 804, 809-810 (Tex. Crim. App. 1987).
7. 728 S.W.2d at 805. 
8. Id. at 809; see Tex. Pen. Code §22.05 (named changed effective Sept. 1, 1994).
9. Id. at 809-810 (discussing Thomas v. State, 699 S.W.2d 845 (Tex. Crim. App. 1985)).
10. 699 S.W.2d at 847.
11. Id.
12. Id. at 849-852.
13. 989 S.W.2d 365, 368 (Tex. Crim. App. 1999).
14. Id. at 367.
15. Id. at 368.
16. Id. (discussing Harrell, 659 S.W.2d 825 (Tex. Crim. App. 1983)).
17. 992 S.W.2d 469, 474-475 (Tex. Crim. App. 1999).
18. Id. at 475.
19. Id.
20. Id.
21. See Forest, 989 S.W.2d at 368 (defendant not entitled to an instruction on aggravated
assault when "there was no evidence that [he] was guilty only of anything less than some form of
murder").
22. I express no opinion regarding the applicability of the rule to felony deadly conduct,
involving the intentional discharge of a firearm. See §22.05(b).
23. §22.05(a).
24. §22.02(a)(1)(incorporating §22.01(a)(1)).
25. See Ramirez v. State, 976 S.W.2d at 227.
26. See §22.02(a)(2)(incorporating §22.01(a)(1)). 
27. Tex. Pen. Code §1.07(a)(17)(emphasis added).
28. Deadly weapons can include cars (Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim.
App. 2005)), fists (Lane v. State, 151 S.W.3d 188, 190 (Tex. Crim. App. 2004)), (29)
29. Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). 
 (30)
30. Hill v. State, 913 S.W.2d 581, 582-583 (Tex. Crim. App. 1996). - 
 - (31)
31. Gilbert v. State, 769 S.W.2d 535, 536-537 (Tex. Crim. App. 1989). 
32. See McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).
33. Compare Tex. Pen. Code §22.02(a)(serious bodily injury); §22.01(a)(bodily injury).