IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





 

 NO. PD-0831-03






CHARLIE FLENTEROY, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY






 Johnson, J., filed a dissenting opinion, joined by Holcomb, J.


D I S S E N T I N G O P I N I O N



 Before deliberations on guilt, the state asked the trial court to delete from the aggravated-robbery count the words "to wit: a screwdriver," asserting that they were mere surplusage. The trial
court refused the request. During deliberations, the jury sent out a note: "In the charge of Aggravated
Robbery do we have to find that the deadly weapon used was the screwdriver entered in evidence
in order to find that a deadly weapon was used?" The trial court did not answer the question, but
instructed the jury to refer to the charge and to continue deliberating. The jury found appellant guilty
of the lesser-included offense of robbery on the first count, Tex. Pen. Code §29.02, and guilty as
charged of unauthorized use of a vehicle on the second count, Tex. Pen. Code §31.07.

 At the punishment phase, the state requested and received a second deadly-weapon charge,
over defense objection. The special issue submitted to the jury asked whether a deadly weapon was
used and included a fill-in-the-blank form on which the jury was to state what that weapon was. The
jury made an affirmative deadly-weapon finding and identified the weapon as "a hard metal-like
object."

 On appeal, appellant argued that the trial court erred by allowing the jury to make an
affirmative deadly-weapon finding after it had rejected the deadly-weapon allegation at the guilt
phase when it found him guilty of the lesser-included robbery charge. (1) The court of appeals treated
it as a notice issue, (2) distinguishing this case from previous cases dealing with the sufficiency of
deadly-weapon notice under article I, section 19, of the Texas Constitution:

 Those cases make clear that the written notice requirement may take different forms. 
They do not support, however, a second submission of a deadly weapon issue to the
trier of fact where the first submission has been resolved unfavorable [sic] to the
State, where no further notice is given, and where it is left to the jury to determine
both the nature of the instrument or weapon alleged in the original notice and
whether it was a deadly weapon as used or exhibited.


Id. at 711. In so holding, the court of appeals rejected the state's argument that the indictment
alleging use or exhibition of a deadly weapon, specifically a screwdriver, was sufficient to put the
defense on notice that the use of a deadly weapon would be a fact issue at both guilt and punishment. 
 The only evidence at trial indicating that the object held to the victim's side during the
robbery qualified as a "deadly weapon" came from the victim. During the trial, she expressed her
opinion that the screwdriver entered into evidence was capable of causing serious bodily injury or
death if it had been used to stab her in the ribs. However, she also conceded that the screwdriver
could have been left in her car, not by appellant, by someone at the body shop from which she had
retrieved her car immediately before encountering appellant. Also according to her trial testimony,
Ms. Mahdy never saw the object and felt it only momentarily before withdrawing her hand. She
believed at the time of the incident that the object was a dull knife. However, in response to the
state's questions, she testified that the object qualified as a deadly weapon whether it was a knife or
a screwdriver.

 The state argues to this Court that the description of the deadly weapon in the written notice,
whether in an indictment or a separate writing, need not be particularly specific in order to meet the
notice requirement. See, e.g., Whatley v. State, 946 S.W.2d 73, 75 (Tex. Crim. App. 1997); Pena
v. State, 864 S.W.2d 147, 150 (Tex. App. - Waco, 1993); Mixon v. State, 781 S.W.2d 345, 346 (Tex.
App. - Houston [14th Dist.] 1989). In focusing on the question of how specific the notice must be,
the state seems to misapprehend the crux of the court of appeals' holding:

 In the instant case, appellant acknowledges that he received proper notice from the
indictment in Count I that the State would seek an affirmative finding of the use or
exhibition of a deadly weapon, "to wit: a screwdriver." That element of the offense
of aggravated robbery as charged was submitted to the jury and rejected when the
jury found appellant guilty of the lesser-included offense. Appellant in effect
contends that this concluded the State's intention to seek an affirmative finding of a
deadly weapon of which he had been given notice. Without further notice, written
or otherwise, and without further evidence on the issue, the penalty stage of the trial
was conducted. At this point, appellant learned for the first time that the State was
asking for a special issue type submission of a different deadly weapon charge, this
time allowing the jury to first determine the nature of instrument or weapon used and
then to decide if the chosen instrument or weapon was used as a deadly weapon.


Flenteroy v. State, 105 S.W.3d 702, 710 (Tex. App. - Austin, 2003).

 Contrary to the state's assertions, the court of appeals' holding did not rely on the fact that
appellant lacked notice that a use of a deadly weapon would be an issue at trial. Indeed, the proof
presented by the state at the guilt/innocence phase was consistent with the notice provided by the
indictment, i.e., that appellant used and exhibited a deadly weapon, "to wit: a screwdriver." 
However, the jury's finding that appellant was guilty only of robbery constituted a rejection of the
deadly weapon that was alleged in the indictment.

 If the trial court had made a different decision on one of two occasions, the issues in this case
would not have arisen. First, if the trial court had granted the state's motion to delete "to wit: a
screwdriver" and proceeded on the legally sufficient pleading "used or exhibited a deadly weapon,"
it is likely that, given the jury's note, appellant would have been found guilty as alleged in the
indictment. While the trial court did not err in denying the motion, the denial was a step on the path
to this appeal.

 Second, the trial court appears to have misread or misinterpreted what he referred to as
"Blackwell's charge." This is a common way to refer to the pattern jury instructions contained in
8 Michael J. McCormick et al., Texas Practice: Texas Criminal Forms and Trial Manual (10th ed.
1995). (3)
 The jury instructions are the responsibility of the trial court, and the pattern jury instructions
include instructions to the trial court as to the proper formulation of a jury charge. In the case of
robbery, the pattern charge says,

 Now bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that the defendant, A.B., on or about the
_________ day of _________, 19__, in the County of _______, and State of Texas,
as alleged in the indictment [or information] did then and there obtain [or maintain
control of] property of C.D., to wit _____________ [specify the property] without
the effective consent of the said C.D. and with intent to deprive the said C.D. of said
property, did then and there intentionally or knowingly [or recklessly] cause serious
bodily injury to C.D. [or E.F.] by _____________ [specify manner and means of
committing the act],

 [Or did then and there while in the course of committing theft and with intent
to obtain (or maintain control of) property of C.D., to wit: ____________ (specify the
property), without the effective consent of the said C.D. and with intent to deprive
the said C.D. of said property, did then and there by using and exhibiting a deadly
weapon _____________ (specify the deadly weapon used) intentionally or knowingly
threaten or place C.D. (or E.F.) in fear of imminent bodily injury or death ....]


8 Michael J. McCormick et al., Texas Practice: Texas Criminal Forms and Trial
Manual § 116.02, ¶ VII (10th ed. 1995).


 In these instructions, "A.B."connotes the defendant, and "C.D." and "E.F." connote
complainants. The text in italics delineates choices to be made by the trial court: the type of
charging instrument, the property, the manner and means, the deadly weapon. This pattern charge,
which the trial court relied on, clearly requires the trial court to fill in the blanks before the jury
receives the charge of the court; the choice of weapon is no more the province of the jury than the
choice of type of charging instrument or the manner and means of committing the offense.

 In a case with almost identical facts, the El Paso Court of Appeals rejected a collateral
estoppel argument when the state was permitted to submit a deadly-weapon charge at the punishment
phase after the jury failed to find the defendant guilty of aggravated sexual assault at trial. Chavez
v. State, 860 S.W.2d 714, 717 (Tex. App.- El Paso, 1993). In that case, the indictment alleged
aggravated sexual assault using a firearm, but the jury found the defendant guilty only of the lesser-
included offense(s) of sexual assault. The state announced at the beginning of the punishment phase
that it would be seeking an affirmative finding that the defendant used a knife during the course of
the sexual assaults, and it provided to the defendant written notice that specified the weapon used. 
The trial court also gave the parties a continuance of four days before beginning the punishment
phase. Id. at 716. The court of appeals held that collateral estoppel did not bar the affirmative
deadly-weapon finding at the punishment phase and specifically noted that the trial court did not rule
upon, and the defendant did not challenge on appeal, the adequacy of the state's notice of intent to
seek the affirmative finding. Id., n.1. In this case, however, the court of appeals did not base its
decision on a theory of collateral estoppel, but rather on the inadequacy of the state's notice of intent
to seek a deadly-weapon finding at punishment.

 After the jury in this case reached its verdict of guilt of the lesser-included offense of robbery,
the state provided no additional notice to appellant that it would seek an affirmative finding during
the punishment phase, nor did it specify the weapon it would seek to prove use of. Nor, unlike
Chavez, did the trial court recess the trial to give the defense time to regroup. As the court of appeals
noted, "There was no written notice outside and independent of the indictment alerting appellant of
the State's intention to seek an affirmative finding of the use of any deadly weapon other than the
screwdriver." Flenteroy, 105 S.W.3d at 705. Furthermore, the evidence here, unlike the evidence
in Chavez, did not limit the choice of weapon and thereby provide indirect notice. (4) Faced with the
fill-in-the-blank verdict form which allowed the jury to decide what it thought the deadly weapon
was and no evidence that limited the choice of weapon, the defense had no notice of what weapon
it would be called upon to defend against and therefore no means of disputing the new deadly-weapon allegation during the punishment phase. As the U.S. Supreme Court held in Jackson v.
Virginia, 443 U.S. 307, 315, 61 L. Ed. 2d 560, 99 S.Ct. 2781 (1979):

 It is axiomatic that a conviction upon a charge not made or upon a charge not tried
constitutes a denial of due process. These standards no more than reflect a broader
premise that has never been doubted in our constitutional system: that a person
cannot incur the loss of liberty for an offense without notice and a meaningful
opportunity to defend.


 The jury's finding in this case, that appellant was guilty only of robbery, effectively answered
the question of whether the appellant used a deadly weapon as alleged in the indictment. By
allowing the state to resurrect the deadly-weapon question as a special issue at punishment without
requiring the state to provide any further notice to the defense of both the intent to seek such a
finding and the nature of the weapon and by failing to order a continuance in the face of that failure
of notice, the trial court erred. As Justice Barajas noted in his concurrence to Chavez,

 [i]n my view, the State has effectively, though not formally, attempted to amend the
charging instrument in the present cause mid-stream after failing to present sufficient
evidence to convince the jury that Appellant used [the charged weapon] in this
assault.


Chavez, 860 S.W.2d at 718 (Barajas, J., concurring)(internal citations omitted).

 I would find that submitting the special issue on the deadly-weapon finding at punishment
as a blank to be filled in by the jury was error. The notice of intent to re-seek a deadly-weapon
finding was not only late and unbounded, it caused the prior notice, in the indictment, to be made
false. Appellant received notice of one weapon, and, after he had won on the issue of that weapon,
was subjected, without notice, to a punishment trial on a different, unspecified weapon.

 I would hold that lack of notice may be cured by giving sufficient written notice and allowing
appellant adequate time to prepare a defense and remand this cause to the trial court for retrial on
punishment, after sufficient notice to appellant of any intention by the state to seek an affirmative
finding of use of a deadly weapon. Because the Court decides otherwise, I respectfully dissent.


 Johnson, J.

Filed: April 6, 2005

En banc

Publish
1. The only difference between robbery and aggravated robbery applicable under these facts is whether the
actor used or exhibited a deadly weapon.
2. "Because of the fundamental nature of one's liberty interest in parole, a defendant is entitled to notice if the
state intends to seek a deadly weapon finding at trial, and the state's failure to give such notice constitutes reversible
error." Mixon v. State, 781 S.W.2d 345, 346 (Tex. App. - Houston [14th Dist.] 1989, citing Ex parte Patterson, 740
S.W.2d 766-77 (Tex. Crim. App. 1987).
3. "[E]t al." is T. Blackwell and B. Blackwell, hence the common name of "Blackwell's charge."

4. Chavez was one of three men who assaulted the victims in their home. He carried a knife, but the knife
and the two guns carried by his co-defendants were passed among the three during the attack. When the jury rejected
the gun, the evidence supported only one other option: a knife.